[Crim. No. 56.  Second Appellate District.—August 17, 1907.]

THE PEOPLE, Respondent, v. N. P. DAVIS, Appellant.

CRIMINAL LAW—ATTEMPT TO COMMIT RAPE—GIRL UNDER AGE OF CONSENT—EVIDENCE—STATEMENTS OF DEFENDANT AS TO OTHER GIRLS. Upon a prosecution for an attempt to commit rape upon a girl under the age of consent, it was not error to permit the prosecuting witness to testify to statements made by the defendant as to his relations with other young girls a few minutes before the performance of the criminal act.

ID.—PROOF OF OFFENSE CHARGED—LASCIVIOUS ACT—CONSTRUCTION OF CODE.—*Held,* that the acts committed by defendant amounted to an attempt to commit rape, and was not a lascivious act within the meaning of section 288 of the Penal Code, which refers only to acts of a lascivious character, which do not amount to a crime as defined by other sections of the Penal Code.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

J. C. Crouch, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney-General, for Respondent.

ALLEN, P. J.—Appeal by defendant from a judgment and an order denying a new trial.

The information filed in this case charged the defendant with attempting to commit rape by an unlawful and felonious attempt to have sexual intercourse with a girl under the age of sixteen years, she not being then and there his wife. The evidence presented by the record fully justified the verdict of guilty.

The only error assigned by counsel in his brief is in relation to the admission in evidence of certain statements made by defendant to the prosecuting witness a few minutes before the performance of the criminal act. This testimony was in response to a direction of the trial court made to the witness to "tell in your own way all that happened there." She thereupon testified as follows: "He was talking about other girls that he knew. He said he knew lots of other girls. And one night I was there when there was a little girl about seven years old and a large girl. He said he knew them a long time, and he said that they used to go over on the hill—and I don't know where the hill is—over by Fourth—and he said they used to get beer and drink and have lots of fun like that, he said. He talked about them and everything, about drinking beer." We perceive no error, either in the direction of the court to the witness, or in the action of the court in refusing to strike out these statements, and cannot conceive how any prejudice possibly resulted to defendant by the action of the court.

Upon oral argument, it is urged that the crime proven was a violation of section 288 of the Penal Code, and not that charged in the information. With this we do not agree. The acts committed by defendant amounted to an attempt to commit rape, and section 288 has reference only to acts of a lascivious character which do not amount to a crime as defined by other sections of the Penal Code.

Judgment and order affirmed.

Shaw, J., and Taggart, J., concurred.