[Crim. No. 1340. First Appellate District, Division Two.—December 9, 1926.]

THE PEOPLE Respondent, v. CEASAR FERRARI, Appellant.

[1] CRIMINAL LAW—LASCIVIOUS ACTS UPON BODY OF CHILD—OTHER CRIMES — EVIDENCE — VERDICT—APPEAL—PRESUMPTIONS.—In this prosecution for the commission of the offense denounced by section 288 of the Penal Code, the testimony of the prosecutrix having tended to show that two separate offenses, one denounced by said section 288 and the other denounced by section 288a of the Penal Code, were committed, one directly following the other, it was the province of the jury to determine whether it should believe all the testimony of the prosecutrix or whether it would accept her testimony in so far as it related to the charge of lascivious conduct alone; and the jury having returned a verdict of guilty as charged, the appellate court had to presume that the jury was satisfied with the testimony covering the acts denounced by section 288.

[2] ID.—OUTCRY—STATEMENTS TO OTHER CHILDREN—EVIDENCE.—In such a prosecution, testimony of statements made by the prosecutrix to other children of the neighborhood are properly admitted to show outcry on the part of the prosecutrix immediately following the commission of the offense.

(1) 31 C. J., p. 1000, n. 84.   (2) 31 C. J., p. 999, n. 83.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Percy S. King, Judge. Affirmed.

The facts are stated in the opinion of the court.

Elmer E. Robinson and Frank T. McGrath for Appellant.

U. S. Webb, Attorney-General, and Lionel B. Browne for Respondent.

NOURSE, J.—The defendant was charged in the information with the commission of the offense denounced by section 288 of the Penal Code. The jury returned a verdict of guilty as charged and from the judgment following the verdict and from the order denying his motion for a new trial the defendant has appealed on a typewritten record.

Testimony was offered to show that the defendant took the prosecutrix, a girl of seven years, into his bedroom, placed her upon the bed, removed some of her underclothing and then committed the criminal act covered by section 288a of the Penal Code. The testimony of the prosecutrix was sufficient to show the commission of both offenses covered by these two sections of the code and other evidence was received, both direct and circumstantial, tending to corroborate her as to the first offense and also showing similar acts by this defendant on other occasions. All this evidence was denied by the defendant when called as a witness in his own behalf.

[1] On this appeal the defendant concedes that the evidence was sufficient to constitute the crime as defined by

2.  See 23 Cal. Jur. 399.

the latter section and, for this reason, argues that he could not have been guilty of any crime under section 288. The point is that because section 288 covers lewd and lascivious acts upon a child under fourteen years of age "other than the acts constituting other crimes" provided for in the code, and because testimony was given tending to show the commission of the crime covered by section 288a, the former section is not applicable to the facts proved. The answer is that the testimony of the prosecutrix tending to show that two separate offenses were committed, one directly following the other, and that it was the province of the jury to determine whether it should believe all the testimony of the prosecutrix or whether it should accept her testimony in so far as it related to the charge of lascivious conduct alone. In support of the verdict we must presume that the jury was satisfied with the testimony covering the acts covered by section 288 and this appears reasonable in view of the fact that there was some corroboration of this testimony as well as evidence of similar acts on other occasions.

[2] Objection is made to the rulings of the trial judge in admitting testimony of statements made by the prosecutrix to other children of the neighborhood. The testimony was offered to show outcry on the part of the prosecutrix immediately following the commission of the offense and was admissible for that purpose. (*People* v. *Mayes,* 66 Cal. 597, 599 [56 Am. Rep. 126, 6 Pac. 691]; *People* v. *Porter,* 48 Cal. App. 237, 241 [191 Pac. 951].)

We find no error in the record.

Judgment and order affirmed.

Preston, P. J., *pro tem.,* and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 7, 1927.