[Crim. No. 2336.    First Dist., Div. Two.    June 22, 1945.]

THE PEOPLE, Respondent, v. FRED LETT, Appellant.

Leo A. Sullivan and Everett E. Power for Appellant.

Robert W. Kenny, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

NOURSE, P. J.—In a trial to a jury the defendant was convicted on two counts of an information—the first charging a violation of section 288 of the Penal Code, the second charging a misdemeanor under section 702 of the Welfare and Institutions Code, and specifically that he did ''expose his

private parts and place his private parts and hand against the bare body and private parts of Eleanor Lett." The complaining witness under each count was the ten-year-old daughter of the defendant. By the judgment following the verdict the defendant was sentenced to the state penitentiary on the first count, and to the county jail for one day on the second count. He has appealed from the judgment and from the order denying his motion for a new trial.

The grounds of appeal are: insufficiency of the evidence, error in admission of appellant's confession, and double punishment.

■ The testimony of the child sufficiently disclosed the unnatural acts committed by her father and it is not necessary to repeat that testimony. Appellant's argument is not that there was insufficient evidence of the offense charged, but that the child, becoming confused on the witness chair, made inconsistent statements as to the manner in which the acts were committed. On this information it was not necessary to prove that a rape had been committed or attempted. Proof of the lascivious acts, of which there was ample, was sufficient to prove the "lewdness" charged under the first count, as well as the charge of contributing to the delinquency of the minor under the second.

■ The objection to the admission of the "confession" presents no legal difficulty. After appellant was placed in custody by the arresting officers in Alameda County he was informed by a police inspector that the authorities had evidence of nineteen other sex crimes committed by appellant against his three children—some in San Francisco County, some in Humboldt County. Appellant testified that the inspector promised that if he pleaded guilty these charges would not be made and his children would not be required to testify against him. The inspector testified that he told appellant he would do nothing about the other charges because the acts were not committed in Alameda County. The appellant did not plead guilty to the charges in the information. Hence his testimony as to "inducement" would not affect the admissibility of the confession, if it had been accepted as true. The most that could be said is that it raised a conflict for the court and jury. Hence the finding on this question of fact is not open to review. (*People* v. *Madsen,* 93 Cal.App. 711, 714 [270 P. 237].)

■ The argument that appellant has been subjected to double punishment for the same offense is not sound. Acts of lewdness denounced in section 288 of the Penal Code were acts "appealing to or gratifying" the passions of the appellant. Other acts, though committed at approximately the same time, were acts tending to cause the child to lead a "dissolute, lewd or immoral life" within the meaning of section 700 of the Welfare and Institutions Code. A complete answer to appellant's argument is found in *People* v. *Bevans,* 19 Cal.App.2d 288 [65 P.2d 92], where the court in a case involving the precise point said:

"Section 288 of the Penal Code provides for the punishment of certain described acts committed on the body of a child under the age of fourteen years. The Juvenile Court Law provides for the punishment of acts which contribute to the delinquency of persons under the age of twenty-one years. The acts punishable under the Juvenile Court Law include many not included within the provisions of section 288 of the Penal Code. The two statutes do not attempt to define identical offenses."

The judgment and the order are affirmed.

Goodell, J., and Dooling, J. pro tem., concurred.