[Crim. No. 4792.   In Bank.   Sept. 17, 1947.]

THE PEOPLE, Respondent, v. ALBERT R. GREER,
Appellant.

Morris Oppenheim for Appellant.

Robert W. Kenny and Fred N. Howser, Attorneys General, Carl W. Wynkoop and Clarence A. Linn, Deputy Attorneys General, Edmund G. Brown, District Attorney, and Vincent J. Mullins, Assistant District Attorney, for Respondent.

TRAYNOR, J.—Defendant was charged in an amended information with violations of Penal Code, sections 261(1) (statutory rape) and 288 (lewd and lascivious conduct). He pleaded not guilty to both counts, but the jury brought in verdicts of guilty and recommended that defendant serve one year in the county jail for the rape.

Defendant appeals on the grounds that the evidence is insufficient to support the verdict, that the court erroneously

instructed the jury as to the defense of alibi, that he was subjected to double jeopardy, and that under section 288 he cannot be convicted of both statutory rape and lewd and lascivious conduct.

## SUFFICIENCY OF THE EVIDENCE

■ The two counts in the amended information refer to a single act of intercourse forced by defendant upon his stepdaughter, a minor, 13 years of age. The first count alleges that on November 1, 1945, defendant accomplished an act of intercourse with the prosecutrix, who was under the age of 18 years; the second count alleges that on November 1, 1945, he committed certain acts upon the body of the same child who was under the age of 14 years.

The evidence against defendant, though not overwhelming, was sufficient to support a verdict of guilty on both counts. According to the prosecutrix, defendant compelled her to submit to intercourse on many occasions during a period beginning about August 25, 1945, and ending about November 1, 1945. Defendant threatened to kill her if she exposed him. Some time in September, the prosecutrix revealed the facts to a friend of her mother, as well as to a priest and to a nun. Subsequently, she complained again to the friend who, with prosecutrix, recounted the entire affair to the prosecutrix's mother.

The offenses charged in the amended information occurred at about noon on November 1st. The prosecutrix's mother testified that she and defendant left the house shortly before noon on that day and that he returned alone. She found him sleeping when she returned at about 3 p. m. and told him to go to work. Defendant, on the other hand, testified that on November 1st, he left the house at about 9 a. m. on an errand concerning a washing machine and that a friend helped him bring the washing machine home at about 11:15 a. m. Upon returning home he received a call to go to work, and he left the house with his wife at about 11:45. Defendant testified that he left his employer's place of business at about 2 p. m. and was in Gilroy by 3:30. He did not return that day.

Defendant's employer testified that he did not recall when defendant checked out on November 1st, but his log book showed that defendant could not have done so before 3 p. m. Defendant's friend, who is supposed to have helped him with the washing machine, was not certain of the date and testified

in a previous trial that it was around November 16th. The friend of the family, prosecutrix's confidant, corroborated much of the testimony of the prosecutrix.

The medical testimony showed that the prosecutrix's hymen was intact but considerably stretched. The examining physician for the girls of the juvenile court testified that the prosecutrix's hymen was "very stretchable." This witness had made approximately 5,000 vaginal examinations within the two years preceding the trial, and she stated that the prosecutrix's condition was uncommon in girls of that age. She was of the opinion that the prosecutrix could have had intercourse, with slight penetration, without a rupture of her hymen. She recognized the possibility of masturbation, but when asked if it was her opinion "that this could have been caused by any such thing as masturbation," she replied, "That was not my opinion."

The prosecutrix's attending physician testified that he examined her in February of 1945, and that she then had a normal and virginal hymen; but when he examined her in November, her hymen was stretched, and he gave her "a normal examination you would make on an adult woman who was non-virginal." From his examination, the witness drew the conclusion "that some foreign body had penetrated the vagina through the hymen some time between February 16th and November 22nd last year." He stated on cross-examination that "it could have been the fingers." The medical testimony established that it was possible for defendant to commit the acts complained of without rupturing the hymen and that the prosecutrix's hymen was not that of a normal 13-year-old child.

We are unable to agree with defendant's contention that "the testimony of the prosecutrix is so palpably false and incredible that it cannot form a basis for a verdict of guilty." Her failure to complain to her mother immediately after the alleged offense is stressed by defendant; but the record shows that she sought counsel from others on several occasions before anyone advised her to tell her story to her mother. The medical testimony, according to defendant, is destructive of her story of the duration and vigor of defendant's conduct; but the prosecutrix, under the circumstances, could not be expected to remember every detail, and her account was not substantially shaken on cross-examination. Moreover, the defendant's version of the affair was rendered exceedingly

doubtful by the failure of the trucking company records to support his alibi. This was, therefore, a case in which the testimony of the prosecutrix, though contradicted, was neither incredible nor completely overwhelmed; and any minor inconsistencies or contradictions were to be resolved by the jury. (*People* v. *Huston,* 21 Cal.2d 690, 693-694 [134 P.2d 758]; *People* v. *Fremont,* 47 Cal.App.2d 341, 349 [117 P.2d 891].)

## THE INSTRUCTIONS REGARDING ALIBI

The jurors were instructed upon the subject of alibi as follows: ''I instruct you that the evidence of the defendant establishing an alibi tending to show that the defendant was not present at the actual place where the offense or offenses charged in the information were supposed to have been committed, should be weighed as any other fact established, and that it might be sufficient to create a reasonable doubt as to the guilt of the defendant. *However, if you, the jury, are satisfied beyond a reasonable doubt of the defendant's guilt of the offense or offenses stated in the information, it is your duty to convict the defendant notwithstanding such evidence of an alibi.*

''I instruct you that the defendant is not required to prove by a preponderance of the evidence that he was not present where the offense is alleged to have been committed, but that he is entitled to an acquittal if the testimony tends to establish an alibi raising a doubt in your minds that he was present at the place at which the crime charged is alleged to have been [committed].'' (Italics added.)

Defendant contends that the words italicized above vitiated the favorable parts of the instruction that preceded and followed them on the ground that they instructed the jury to disregard the evidence tending to prove an alibi if the jury were satisfied of the guilt of the accused from *other* evidence. We find no such statement or implication in the instruction. The members of the jury were told that they must weigh the evidence of alibi as they would any other evidence. The jurors were further instructed that if they were convinced beyond a reasonable doubt of defendant's guilt the evidence of alibi would be of no avail. The effect of the instruction was that their verdict was to be based upon *all* the evidence, not merely upon *other* evidence, particularly in view of the court's succeeding words that if the testimony

directed at establishing an alibi was sufficient to raise a doubt in the jurors' minds that defendant was present at the place at which the crime is alleged to have been committed, he would be entitled to an acquittal.

### DOUBLE JEOPARDY AND NECESSARILY INCLUDED OFFENSES

Defendant contends that the trial court erred in its rulings regarding double jeopardy. Defendant was subjected to a previous trial in which he was charged not only with the present offenses but with contributing to the delinquency of a minor (Welf. & Inst. Code, § 702). In his first trial, defendant was found guilty of violating section 702, but the jury disagreed as to the counts now before this court.

In the present trial defendant pleaded double jeopardy and offered to prove both the verdict finding him guilty of contributing to the delinquency of a minor and the disagreement of the jury as to the other two counts. He contended that he had been acquitted of the present offenses and had been once in jeopardy. The trial court refused the offer of proof.[1]

Defendant maintains that the trial court's refusal to permit him to offer evidence on the issue of double jeopardy, and the consequent failure of the jury to make a finding upon that special plea, constituted reversible error regardless of the merits of his plea. He relies upon several early cases in which this court held that the mere failure of the jury to make a finding upon a plea of double jeopardy constituted a ground for reversal. (*People* v. *Tucker,* 115 Cal. 337, 338 [47 P. 111]; *People* v. *Hamberg,* 84 Cal. 468, 473 [24 P. 298]; *People* v. *Fuqua,* 61 Cal. 377, 378; *People* v. *Helbing,* 59 Cal. 567; *People* v. *Kinsey,* 51 Cal. 278, 279.) The strict rule expressed in the foregoing cases, however, has been modified by subsequent cases. ▋ As the rule now stands, the plea of double jeopardy does not necessarily require a finding by the jury but may require a conclusion of law by

---

[1]The offer of proof is before this court on a settled statement signed by the trial judge. There was considerable controversy as to whether the statement was settled in accord with the Rules on Appeal and was properly part of the record. The attorney general has now stipulated, however, that the statement should be considered as properly before this court. Defendant, on the other hand, objects to the mention of the section 702 offense, contending that he merely offered to prove double jeopardy and was denied that opportunity. The settled statement upon which he relies clearly states, however, that he offered to prove a conviction under section 702.

the trial court. (*People* v. *Newell,* 192 Cal. 659, 668 [221 P. 622]; *In re Begerow,* 136 Cal. 293, 297 [68 P. 773, 56 L.R.A. 528]; *People* v. *Ammerman,* 118 Cal. 23, 28 [50 P. 15]; *People* v. *Grace,* 88 Cal.App. 222, 232 [263 P. 306]; *People* v. *Frank,* 75 Cal.App. 74, 81 [241 P. 924].) If, as a matter of law, the previous prosecution could not constitute double jeopardy, the trial court is not required to submit the question to the jury for a finding upon that plea. (*People* v. *Wilson,* 193 Cal. 512, 515 [226 P. 5]; *People* v. *McNeer,* 8 Cal. App.2d 676, 683 [47 P.2d 813]; *People* v. *Brannon,* 70 Cal. App. 225, 236 [233 P. 88].)

We must therefore determine whether the trial court erred in refusing to permit proof of the previous prosecution. ▪ Defendant contends that the disagreement of the jury on the two counts for which he is now being tried constitutes double jeopardy. It is well settled, however, that disagreement of the jury does not preclude a new trial for the same offenses. (*People* v. *Greene,* 100 Cal. 140, 142 [34 P. 630]; *People* v. *James,* 97 Cal. 400, 403 [32 P. 317].) On the other hand, defendant's previous conviction of contributing to the delinquency of a minor presents the question whether that offense is necessarily included in the offenses defined in sections 261(1) and 288.

Section 1023 of the Penal Code provides that "When the defendant is convicted or acquitted, or has been once placed in jeopardy upon an indictment or information, the conviction, acquittal, or jeopardy is a bar to another indictment or information for the offense charged in the former, or for an attempt to commit the same, *or for an offense necessarily included therein,* of which he might have been convicted under that indictment or information." (Italics added.) ▪ The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense. (*People* v. *Krupa,* 64 Cal.App.2d 592, 598 [149 P.2d 416].)[2] Thus, a prosecution for battery cannot be followed by a

[2]See Official Draft on Double Jeopardy, Administration of the Criminal Law, American Law Institute. Thirty-five state Constitutions, and the Constitution of the United States, contain a double jeopardy provision in substantially the same words as article I, section 13 of the California Constitution: "No person shall be twice put in jeopardy for the same offense. . . ." (Official Draft, p. 7.) The Institute defines "same offense" as follows: "Prosecutions are for the same offense when they are for violations of the same provision of the criminal law

prosecution for assault based upon the same acts. An assault is a necessary element of battery, and it is impossible to commit battery without assaulting the victim. The assault, to adopt the statutory language, is "necessarily included therein." (*People* v. *McDaniels,* 137 Cal. 192, 194 [69 P. 1006, 92 Am. St.Rep. 81, 59 L.R.A. 578].)

■ Although section 1023 refers to a situation where the prosecution for the greater offense is first in time, there is no such limitation in the cases. If the defendant is tried first for assault and later for battery, the prosecution for the included offense bars the subsequent prosecution for the greater offense. (*People* v. *McDaniels, supra,* at p. 195; *People* v. *Defoor,* 100 Cal. 150, 154 [34 P. 642]; *People* v. *Ny Sam Chung,* 94 Cal. 304, 306 [28 P. 642, 28 Am.St.Rep. 29]; see Official Draft on Double Jeopardy, *supra,* § 17; 1 Bishop's Criminal Law (9th ed.) § 1057; 2 Freeman on Judgments (5th ed.) § 559.) "A conviction of the lesser is held to be a bar to [the] prosecution for the greater on the theory that to convict of the greater would be to convict twice of the lesser." (*People* v. *Krupa, supra,* at p. 598.) If this were not the rule, section 1023 could be vitiated by the simple device of beginning with a prosecution of the lesser offense and proceeding up the scale.

■ In the light of this rule, the error of the trial court in this case is apparent. Statutory rape (§ 261(1)) and lewd and lascivious conduct (§ 288) are offenses against minors under 18 and 14 years of age, respectively, whereas section 702 protects minors under 21. Consequently, the age groups covered by sections 261(1) and 288 of the Penal Code are necessarily included within the age group covered by section 702 of the Welfare and Institutions Code. It is inconceivable that the acts described in sections 261(1) and 288 would not contribute to the delinquency of a minor. (See *Rodriguez* v. *Superior Court,* 27 Cal.2d 500, 502 [165 P.2d 1]; *People* v. *Tenner,* 67 Cal.App.2d 360, 366 [154 P.2d 9]; *People* v. *Krupa, supra,* at 601.) Since every violation of sec-

and when the facts on which they are based are the same." (Official Draft, § 5.) The doctrine of double jeopardy is thus strictly defined. The Institute nevertheless retains the doctrine of included offenses, but not as double jeopardy. "The scheme of this chapter is to confine the meaning of 'same offense' to its one and true meaning, and then to prohibit in other sections second prosecutions where in sound policy the defendant should not be subjected to a second prosecution, even though it is not for the 'same offense.' " (Official Draft, pp. 10-11; see, also, §§ 16, 17.)

tions 261(1) and 288 is also a violation of section 702, the offense defined in the latter is an offense necessarily included in the offenses defined in sections 261(1) and 288. (*People* v. *Lopez*, 46 Cal.App.2d 857, 858 [117 P.2d 10].)

Respondent contends, however, that all three of the offenses involved herein contain different elements. It is true that each offense is stated differently in the codes and that defendant could have contributed to the delinquency of a minor without committing statutory rape or a lewd and lascivious act. (*Rodriguez* v. *Superior Court, supra*, at 502.) Nevertheless, the converse is not true. We are holding, not that these offenses are identical, but that every violation of sections 261(1) and 288 necessarily constitutes a violation of section 702 and that therefore the offense defined in section 702 is an offense necessarily included in the offenses defined in sections 261(1) and 288.

In the first trial, therefore, it was not necessary for the district attorney to charge a violation of section 702 to obtain a conviction of defendant for committing that offense. He could have charged statutory rape and lewd and lascivious conduct, and the jury, under proper instructions, could have returned a verdict of guilty of contributing to the delinquency of a minor. (*People* v. *Lopez, supra*, at p. 858.) Had the jury done so, defendant would necessarily have been acquitted of the greater offenses. (*People* v. *McFarlane*, 138 Cal. 481, 484-486 [71 P. 568, 72 P. 48, 61 L.R.A. 245]; *People* v. *Muhlner*, 115 Cal. 303, 307 [47 P. 128]; see 1 Bishop's Criminal Law (9th ed.), § 1056; 2 Freeman on Judgments (5th ed.), § 559.) Instead, he is now convicted of both the included and the greater offenses. He has been subjected to more than an additional trial. The trial court has ordered that he serve overlapping sentences, for he has already been imprisoned for contributing to the delinquency of a minor, and his present sentence runs concurrently with his previous one only as to time not yet served. Moreover, his several convictions would place him at a disadvantage when he sought parole.

The prosecution cannot avoid the consequences of a conviction of a necessarily included offense by charging the included offense in a separate count, on the theory that a conviction under such circumstances constitutes a conviction of a separate offense. Had the jury been properly charged, there would have been no disagreement as to the greater offenses. The jurors would have made their choice.

If the jury had erroneously convicted defendant of all three offenses in the same trial, it would have been necessary to reverse the conviction on the count involving the lesser offense. (*People* v. *Degnen,* 70 Cal.App. 567, 578 [234 P. 129].) The form of pleading cannot assume such importance that it will permit defendant to be convicted of both the included and the greater offense.

Respondent relies upon *Rodriguez* v. *Superior Court,* 27 Cal.2d 500 [165 P.2d 1]; *People* v. *Bevans,* 19 Cal.App.2d 288 [65 P.2d 92], and *People* v. *Lett,* 69 Cal.App.2d 665 [160 P.2d 112], as holding that defendant can be convicted under each code section, even though the crimes involved a single episode. The Rodriguez case held that the jury's verdicts acquitting defendant of rape and convicting him of violating section 702 did not constitute inconsistent verdicts. The decision was based upon Penal Code, section 954, which provides that "A verdict of acquittal of one or more counts shall not be deemed or held to be an acquittal of any other count." Accordingly, section 954, provides that verdicts may be sustained, even if they are inconsistent in fact. (*People* v. *Codina, ante,* pp. 356, 360 [181 P.2d 881]; *People* v. *Amick,* 20 Cal.2d 247, 252 [125 P.2d 25]; *People* v. *Dreyer,* 71 Cal.App.2d 181, 193 [162 P.2d 468].) In the Rodriguez case, however, this court stated that the verdicts were not inconsistent in fact, for even though "acts constituting statutory rape or attempted rape may also constitute a violation of section 702, *since those acts by their very nature would contribute to the delinquency of the minor,* the converse is not true." (*Rodriguez* v. *Superior Court, supra,* at p. 502. Italics added.) Far from authorizing a conviction under both sections 702 and 261(1) for the same act, therefore, the Rodriguez case plainly recognized that a section 702 offense was an included offense.

*In People* v. *Bevans, supra,* the defendant was charged with violations of sections 288 and 702 and convicted of both. The defendant contended that the single act complained of served as the basis for both offenses. The court found that a separate act served as the basis for each offense (*supra* at pp. 290-291), but also declared that the offense defined in section 702 is not included in the offense defined in section 288. (*Supra* at p. 290.) *People* v. *Lett, supra,* was similar to the Bevans case. There, too, the court found separate acts for each offense, but repeated the dictum

of the Bevans case that the offense defined in section 702 is not an included offense. (*Supra* at p. 667.) These two cases are therefore disapproved insofar as they state that section 288 could be violated without necessarily violating section 702.

Although the offense of contributing to the delinquency of a minor is necessarily included in the offenses defined in sections 261(1) and 288 of the Penal Code, defendant could be convicted of all three offenses if separate acts served as the basis of each count. Indeed, defendant can be convicted more than once under the same statute, so long as he is prosecuted for separate acts. The doctrine of included offenses is applicable only when the same act is relied upon for more than one conviction. It was therefore necessary to determine whether the acts that served as the basis of the count charging a violation of section 702 were the same as those charged in the other counts. Since the trial court refused to allow proof of the identity of the acts, the jury was precluded from deciding the issue. We cannot say, given the present state of the record,[3] that the acts described in the first information are the same as those described in the amended information that is the subject of the present prosecution.

If offenses are necessarily included, the question whether the acts are the same is a question for the jury, unless as a matter of law the acts are not divisible. (*People* v. *Stephens,* 79 Cal. 428, 432 [21 P. 856, 4 L.R.A. 845].) The divisibility of acts in cases involving sex offenses is not easily susceptible of exact definition. The cases show no uniformity in this field, and there are many instances of artificial distinctions. The rule can be set down for the guidance of the trial court in the present case, however, that if the touching of the prosecutrix's body charged in the first information was essentially such touching as would be considered a part of the rape itself, it could not serve as a basis for a separate conviction. If, on the other hand, it was clearly not a part of the rape, but a part of a separate course of conduct, it could be held a separate offense. This rule follows from

[3]The first information is before this court by stipulation of the parties. The section 702 count merely states that defendant, on November 1, 1945, ''did willfully, unlawfully and lewdly touch the bare flesh near the private parts of . . . [prosecutrix] who was then and there a female child under the age of twenty one years. . . .''

the doctrine that no person shall be convicted of both an included and a greater offense; otherwise that doctrine might be subverted by a technical fragmentation of acts having no realistic basis in common experience.

The trial court erred, therefore, in refusing to permit defendant to prove his previous conviction of contributing to the delinquency of a minor. Since statutory rape, and lewd and lascivious conduct, cannot be committed without necessarily contributing to the delinquency of a minor, defendant had the right to prove that the same acts were involved in each charge. If he proves that the acts were the same, the present prosecution must be dismissed.

### CAN DEFENDANT BE CONVICTED OF BOTH LEWD AND LASCIVIOUS CONDUCT AND STATUTORY RAPE?

Defendant contends also that the crime of lewd and lascivious conduct "includes" the crime of statutory rape. It is obvious that the necessary elements of lewd and lascivious conduct could be stated without stating the necessary elements of statutory rape. Defendant's position is based, however, not upon the rules governing necessarily included offenses, but upon the wording of section 288 and upon its legislative history.

Before 1937, section 288 provided: "Any person who shall wilfully and lewdly commit any lewd or lascivious act *other than the acts constituting other crimes provided for in part one of this code* upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the State prison not less than one year." (Stats. 1933, p. 1028. Italics added.)

This statute made criminal certain acts not prohibited by other statutes, even though they were generally regarded as offensive. The wording of the statute proved vexing, however, for defendants convicted under section 288 often contended that the prosecution had proved, if anything, acts constituting other crimes provided for in part one of the code, e. g., rape, attempted rape or sodomy. Since those crimes were listed in part one of the code, they could not be used for convictions under section 288. The appellate courts usually held, however, that although the acts complained of might constitute

other crimes, they could also be construed to be violations of section 288, since the jury might find a different intent or might believe only so much of the prosecuting witness's story as would support a conviction under section 288. In certain cases, the appellate courts found separate acts sufficient to charge defendant with a violation of section 288. Nevertheless, it was clear from the statute that if the acts complained of constituted other crimes provided for in part one of the code, those acts could not be punished under section 288. Accordingly, this defense was repeatedly urged on appeal.[4]

As a consequence of the wording of section 288 before 1937, rape and attempted rape, among other offenses, committed upon the body of a 13-year-old child, carried a lesser penalty than the mere touching, with the specified intent, of the body of the child. (See *People* v. *Barnett,* 99 Cal.App. 409, 413 [278 P. 885].) This incongruity presumably resulted from the wish of the Legislature to avoid two convictions for the same act.

In 1937, the Legislature amended section 288 to read: ''Any person who shall wilfully and lewdly commit any lewd or lascivious act *including any of the acts constituting other crimes provided for in part one of this code* upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the State prison *for a term of from one year to life.''* (Stats. 1936, p. 1562. Italics added.)

Under the amended section, lewd and lascivious conduct, with its increased penalty, may be charged on the basis of acts that also constitute other crimes provided for in part one of the code. The prosecution is no longer required to meet the defenses considered above, nor is it necessary to divide

[4]*People* v. *Hunt,* 17 Cal.App.2d 284 [61 P.2d 1208]; *People* v. *Adams,* 7 Cal.App.2d 743 [47 P.2d 320]; *People* v. *Epperson,* 7 Cal.App.2d 125 [45 P.2d 359]; *People* v. *Piburn,* 138 Cal.App. 56 [31 P.2d 470]; *People* v. *Jameson,* 136 Cal.App. 10 [27 P.2d 935]; *People* v. *Jori,* 99 Cal.App. 280 [278 P. 250]; *People* v. *Meyer,* 94 Cal.App. 696 [271 P. 751]; *People* v. *McAfee,* 82 Cal.App. 389 [255 P. 839]; *People* v. *Ferrari,* 80 Cal.App. 182 [251 P. 692]; *People* v. *Parker,* 74 Cal.App. 540 [241 P. 401]; *People* v. *Bronson,* 69 Cal.App. 83 [230 P. 213]; *People* v. *Lind,* 68 Cal. App. 575 [229 P. 990]; *People* v. *Rossi,* 37 Cal.App. 778 [174 P. 916]; *People* v. *Warriner,* 37 Cal.App. 107 [173 P. 489]; *People* v. *Love,* 29 Cal.App. 521 [157 P. 9]; *People* v. *Davis,* 6 Cal.App. 229 [91 P. 810]; *People* v. *Ah Lung,* 2 Cal.App. 278 [83 P. 296]; *People* v. *O'Donnell,* 11 Cal.2d 666 [81 P.2d 939].)

acts that are normally viewed as indivisible. This court has not considered until now, however, the question whether a defendant may be punished for the same act under both section 288 and another section of part one of the Penal Code. We have concluded that the amended section does not authorize such double punishment for the same act or acts.

Section 654 of the Penal Code provides that ''An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either bars a prosecution for the same act or omission under any other. . . .'' Under section 288, the crime of rape, for example, has been expressly made punishable in different ways and by different provisions of the code.

Section 288 now specifically includes acts constituting other crimes and permits a greater penalty for those acts, if they are committed with the specified intent, upon a child under 14 years of age. The intent could normally be inferred from the very nature of the acts now under consideration. Had the Legislature wished to punish defendant once for statutory rape and once for lewd and lascivious conduct, for the same act, it could have done so in plain language. Instead, the crime of statutory rape is included within section 288 by that section's own terms, and the rape forms the basis for the prosecution under section 288. There is no indication on the face of the amended statute that the policy contained in the old statute forbidding double punishment has been changed. The mischief caused by the old language cannot arise under the amendment. Now statutory rape committed upon the body of a child under 14 years of age can be punished as a lewd and lascivious act. It cannot, however, be punished twice, as statutory rape and as lewd and lascivious conduct. Doubts as to the meaning of the amended section are resolved against double punishment for the same act. (See *People* v. *Ralph*, 24 Cal.2d 575, 581 [150 P.2d 401].)

Respondent relies upon *People* v. *Stangler*, 18 Cal.2d 688 [117 P.2d 321], as announcing a rule different from the one stated herein. In that case defendant was charged with violations of sections 261 and 288. He was found guilty of rape, but not of lewd and lascivious conduct. *People* v. *Stangler*, therefore, like *People* v. *Rodriguez, supra,* was concerned with inconsistent verdicts. This court held that the offenses are

not *identical*, stating that "This test [identical offenses] is not available to him [defendant], because the two counts involved stated separate offenses, the one, statutory rape . . . and the other, lewd and lascivious conduct committed against children (section 288). The fact that section 288 as it now reads also includes 'any of the acts constituting other crimes provided for in part one of this code,' *which includes section 261,* does not militate against this conclusion, for, under that provision, the defendant *may be found guilty under either section.*" (Pp. 695-696. Italics added.) The court then stated that section 954 of the Penal Code provides that a verdict of acquittal of one or more counts shall not be deemed to be an acquittal of any other count. It is therefore apparent that nothing in *People* v. *Stangler* authorizes a conviction under both sections 261 and 288; instead, insofar as that problem was considered, the convictions were referred to as alternative ones.

The foregoing interpretation of section 288 gives effect to the purpose of the statute without hampering the administration of criminal justice. The prosecution may charge both crimes in the same information. The jury must be instructed, however, that, as in the case of necessarily included offenses, there can be only one verdict of guilty.

In the present case there is no question that the act relied upon to support the prosecution under section 261(1) is the same act as that forming the basis of the prosecution under section 288. The prosecutrix testified that on the day in question defendant raped her. Except for the rape itself, the only act of which she accused defendant was the forcible removal of her underclothing immediately preceding the rape. To hold that the removal of the prosecutrix's underclothing constitutes an act separate from the rape, however, would be artificial in the present context and would permit double punishment not authorized or contemplated by section 288.

The judgment and the order denying a new trial are reversed, and the defendant is remanded for a new trial in conformity with this opinion.

Gibson, C. J., Shenk, J., Edmonds. J., Carter, J., Schauer, J., and Spence, J., concurred.