[Crim. No. 15229.   Second Dist., Div. Three.   July 25, 1968.]

In re WAYNE SCOTT KING on Habeas Corpus.

Morse, Cosgrove, Michelizzi & Schwabacher and Thomas J. Ward for Petitioner.

Evelle J. Younger, District Attorney, Harry Wood and Robert Lederman, Deputy District Attorneys, for Respondent.

McCOY, J. pro tem.*—This is a petition for a writ of habeas corpus. Petitioner contends that his confinement by the Sheriff of Los Angeles County is unlawful in that the two charges against him of which he was found guilty arose out of a course of conduct constituting a single criminal transaction, and that he can be punished for only one offense. We agree.

The material facts are admitted. On December 4, 1967, petitioner was attempting to remove a battery from an automobile owned by one Stuart W. Rowe. While doing so he was seen by the owner, who approached petitioner and put his hand on petitioner's shoulder. At that time, in an attempt to free himself from the owner's grasp and flee, petitioner struck the owner. His arrest followed.

On December 6, 1967, a criminal complaint was filed in the Municipal Court for the Antelope Judicial District charging petitioner in count I with the commission of a misdemeanor, to wit, a battery on Stuart Rowe on December 4, 1967, in violation of section 242 of the Penal Code, and in count II "being a different offense from but connected in its commission with" the charge in count I, with having injured and tampered with a vehicle and the contents thereof, and having broken and removed a part thereof without the consent of the owner, in violation of section 10852 of the Vehicle Code. Upon conviction of both counts of the complaint peti-

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

tioner was sentenced to serve consecutive periods of 90 days in the Los Angeles County jail on each count.

Before filing the petition now before us petitioner filed a petition for a writ of habeas corpus in the Superior Court for Los Angeles County which was denied.

In *People* v. *Logan,* 41 Cal.2d 279 [260 P.2d 20], the record showed that defendant first struck his victim with a baseball bat and then seized her purse. He was convicted of one count of assault with a deadly weapon and two counts of armed robbery. On appeal the court said (p. 290) : "It is apparent from the descriptions of the criminal transaction in the testimony of the victim and the confessions and admissions of the defendant that the striking of the victim with the baseball bat and the taking of her purse constituted a single, indivisible transaction. The one act of inflicting force with the bat cannot both be punished as assault with a deadly weapon and availed of by the People as the force necessary to constitute the crime of robbery, for 'co-operative acts constituting but one offense when committed by the same person at the same time, when combined, charge but one crime and but one punishment can be inflicted.' (*People* v. *Clemett* (1929) 208 Cal. 142, 144 [280 P. 681] ; *People* v. *Greer* (1947) 30 Cal.2d 589, 604 [184 P.2d 512] ; *People* v. *Knowles* (1950) 35 Cal.2d 175, 187 [217 P.2d 1].)" In that case the court reversed the conviction of assault with a deadly weapon and affirmed the judgment of conviction of robbery. The same rule was followed in *People* v. *Niles,* 227 Cal.App.2d 749 [39 Cal.Rptr. 11], where the assault occurred after the burglary while defendant was trying to escape. As the court there pointed out (pp. 754, 755), although the multiple convictions were proper, defendant could not be punished for both burglary and assault where, "taking into consideration the totality of the picture, defendant's actions comprised an indivisible transaction in which the offense of assault was merely incidental to but one objective, to burglarize [the] premises and avoid being apprehended by the law." (See also *Neal* v. *California,* 55 Cal.2d 11, 18, et seq. [9 Cal.Rptr. 607, 357 P.2d 839].)

Since the Legislature has prescribed a greater punishment for the crime of battery (fine not to exceed $1,000 or imprisonment in county jail not to exceed six months, or both, Pen. Code, §§ 242, 243) than for the crime of breaking or removing parts of a motor vehicle (fine not to exceed $500 or imprisonment in jail not to exceed six months, or both, Veh. Code, §§ 10852, 42002), the assault must be considered as the

more serious offense, and the sentence imposed on the conviction of the lesser offense must be vacated.

It is ordered that the sentence imposed on petitioner upon his conviction of a violation of section 10852 of the Vehicle Code is vacated, and that he shall be released from custody of the Sheriff of Los Angeles when he has served the sentence imposed on him upon his conviction of a violation of section 242 of the Penal Code.

Cobey, Acting P. J., and Moss, J., concurred.