Filed 7/15/14  P. v. Kelley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072079 |
| v. | (Super. Ct. No. 10F8170) |
| JERRY LEE KELLEY, | |
| Defendant and Appellant. | |

A jury convicted defendant Jerry Lee Kelley of 10 counts of sexual offenses against two child victims, L.S. and B.D.  The convictions where L.S. was the victim were:  kidnapping for the purpose of molestation (Pen. Code, § 207, subd. (b) - count 1);[1] genital penetration of a minor with foreign object (§ 289, subd. (j) - count 2); and lewd and lascivious conduct with a minor (§ 288, subd. (a) -- counts 3, 4, 5).  The convictions where B.D. was the victim were:  continuous sexual abuse (§ 288.5, subd. (a) - count 6); oral copulation (§ 288a, subd. (c)(1) - count 7); lewd and lascivious conduct with a minor (§ 288, subd. (a) - count 8); aggravated assault on a minor (§ 269, subd. (a)(1) - count 9), and forcible rape (§ 261, subd. (a)(2) - count 10).

---

[1]      Undesignated statutory references are to the Penal Code.

1

The jury found the circumstances in each of counts 2 through 8 and 10 brought defendant within the sentencing provision of the one strike law (§ 667.61).[2]

The trial court imposed the following determinate sentence terms. For count 6 (continuous sexual abuse), the court imposed a term of 16 years. The court imposed 11 years for count 1 (kidnapping), 8 years for count 2 (genital penetration), and 8 years for count 7 (oral copulation), all of which were to run concurrently to count 1. Pursuant to the one strike law, the court imposed consecutive 25-year-to-life terms under section 667.61, subdivision (a), for the lewd and lascivious conduct convictions in counts 3 and 4. Pursuant to section 667.61, subdivision (b), the court imposed consecutive 15-year-to-life terms for counts 5, 8, 9, and 10. The aggregate sentence was 126 years to life.

On appeal, defendant contends (1) the 11-year concurrent term imposed for the kidnapping in count 1 must be stricken because the kidnapping was a factor bringing defendant within the one strike law; (2) the 8-year concurrent term for genital penetration in count 2 must be stayed under section 654 because genital penetration was the same conduct that formed the basis for the conviction in count 4;[3] (3) the consecutive 25-year-to-life terms imposed on counts 3 and 4 must be reduced to a single 25-year-to-life term as is required by the one strike law; (4) his conviction for lewd and lascivious conduct in count 8 must be dismissed because it overlaps the time period alleged for the continuous abuse conviction in count 6, thereby violating the charging limitations of section 288.5,

---

[2]    The jury also found the kidnapping of L.S. was for the purpose of committing the sexual offenses charged in counts 3 and 4 within the meaning of section 667.8, subdivision (b), which enhances a defendant's determinate base term by 15 years. However, the court struck these findings at sentencing because defendant was being sentenced on counts 3 and 4 under the one strike law.

[3]    Defendant's rubric for his second contention states it is the punishment for count 4 that should be stayed. However, his argument and conclusion show it is the punishment for count 2 that he seeks to stay.

2

subdivision (c); (5) the forcible rape conviction in count 10 must reversed because it is a lesser included offense of the aggravated sexual child assault conviction in count 9; and (6) the abstract of judgment must be corrected to show defendant's conviction in count 2 for genital penetration was under section 289, subdivision (j), rather than section 289, subdivision (a).

In order of defendant's contentions, we conclude: (1) the 11-year concurrent term for kidnapping in count 1 must be stricken under the one strike law; (2) the 8-year concurrent term for count 2 must be stayed under section 654 because it was based on the same conduct as count 4; (3) only one consecutive 25-year-to-life term can be imposed for counts 3 and 4 under the one strike law; (4) defendant's conviction for count 8 must be reversed because it is based, in part, on the same time period charged in count 6; (5) the forcible rape conviction in count 10 is not a lesser included offense of the aggravated sexual child assault conviction in count 9; and (6) the abstract of judgment must be corrected to reflect the correct Penal Code section for count 2. In sum, we agree with defendant's contentions 1 through 4 and 6, but disagree with him on contention 5.

## FACTS[4]

### *Molestation of L.S.*

L.S. was 17 years old at the time of trial and is the daughter of defendant's wife's sister. When she was about seven years old, she was alone with defendant, sitting on his lap while they watched television. Defendant put his hand on her vaginal area and wrapped his other arm around her chest.

When L.S. was 9 or 10, she was at defendant's home, playing outside. Defendant asked what she was doing and she told him she was looking for frogs and rats. He said

---

[4] Because defendant is not challenging the sufficiency of the evidence to support any of his convictions, we need not set forth the facts in detail. However, we provide more facts when required to resolve defendant's contentions.

he knew where they were and told her to follow him. L.S. was scared because of the prior molestation and did not want to go, but defendant took her hand and led her to a field. There, defendant told her he loved her and put his hand under her shirt and rubbed her breast area. He then put his hand down her pants, inside her underwear, and rubbed her vagina. A "little part" of his index finger penetrated L.S.'s vagina. During the molestation, L.S. tried to get away but he kept hold of her. She finally escaped from defendant and ran back to the house.

### *Molestation of B.D.*

B.D. was 21 years old at the time of trial. She testified defendant is her stepgrandfather, and that when she was four years old she lived for a while in defendant's home along with other members of her immediate family. After B.D.'s family moved out of her stepgrandfather's home, she continued to go to his house almost every day when her mother went to work.

Defendant began molesting B.D. when she was four years old. Defendant put his hands down her shorts, rubbed her vagina, placed his fingers in her vagina, licked her vagina, kissed her, touched her breasts, made her masturbate and orally copulate him, and forced her into sexual intercourse. The molestations occurred "hundreds of times," with the last one occurring when she was 14.

In 2007, B.D. told a counselor of the molestations and the counselor reported the molestations to the police. A police detective set up a pretext call between B.D. and defendant. During the call, defendant essentially admitted he had molested B.D.

### DISCUSSION

### I

### *Count 1*

Defendant contends the 11-year concurrent term imposed under the determinate sentence law (§ 1170 et seq.) for the kidnapping of L.S. in count 1 is barred by the one strike law. The People concede this was error. We agree.

4

Subdivision (f) of section 667.61 provides in relevant part: "If only the minimum number of circumstances in subdivision . . . (e) that are required for punishment provided in subdivision (a) . . . to apply have been pled and proved . . . those circumstances shall be used as the basis for imposing the term provided in subdivision (a) . . . rather than being used to impose the punishment authorized under any other provision of law, unless another provision of law provides for a greater penalty."

Defendant's kidnapping of L.S. was one of the circumstances that subjected him to the 25-year-to-life terms mandated by section 667.61, subdivision (a). (§ 667.61, subds. (a), (e)(1).)[5] Because kidnapping under section 207, subdivision (b), has a maximum punishment of 11 years, defendant may not be separately punished for the kidnapping under the determinate sentencing law. (See *People v. Rodriguez* (2012) 207 Cal.App.4th 204, 216.) On remand for resentencing, pursuant to subdivision (f) of section 667.61, we direct the trial court to strike the 11-year term imposed for the kidnapping in count 1.

## II

### *Count 2*

Defendant was sentenced to serve a concurrent determinate prison term of 8 years for the genital penetration conviction charged in count 2. (§ 289, subd. (j).) For the lewd and lascivious conduct in count 4, he was sentenced to serve 25 years to life in prison. He contends the 8-year punishment in count 2 must be stayed pursuant to section 654

---

**5** When section 667.61, subdivision (e), is used to impose a 25-year-to life term, at least two of the circumstances set forth in that subdivision must be found true. The second circumstance found by the jury herein was that the case against defendant involved multiple victims. At the time of the commission of the offenses alleged herein (generally 2004-2006), the multiple victim circumstance was contained in subdivision (e)(5) (Stats. 1998, ch. 936, § 9, pp. 6874-6876); however, at the time of trial (June 2012) this circumstance had been moved verbatim to subdivision (e)(4) (Stats. 2011, ch. 361, § 5). The record references both subdivisions as the source of the multiple victim circumstance. Since the wording is the same, the analysis remains the same.

5

because the lewd and lascivious conduct in count 4 "was incidental" to the genital penetration in count 2. We agree.

In relevant part, section 654 provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

"[I]t is well settled that section 654 applies not only where there was but one act in the ordinary sense, but also where there was a course of conduct which violated more than one statute but nevertheless constituted an indivisible transaction. [Citation.] Whether a course of conduct is indivisible depends upon the intent and objective of the actor. [Citation.] If all the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not more than one. [Citation.] . . . [¶] On the other hand, if the evidence discloses that a defendant entertained multiple criminal objectives which were independent of and not merely incidental to each other, he [or she] may be punished for the independent violations committed in pursuit of each objective even though the violations were parts of an otherwise indivisible course of conduct." (*People v. Perez* (1979) 23 Cal.3d 545, 551-552 (*Perez*).)

As an example of the application of the foregoing rule, *Perez* pointed out: "In *People v. Greer* (1947) 30 Cal.2d 589, we held that section 654 precluded punishment for both lewd and lascivious conduct and rape because the act giving rise to the lewd conduct, the removal of the victim's underclothing, was essentially part of the rape." Here, the lewd and lascivious conduct was defendant's touching of L.S.'s body as he placed his hand down her pants, which was an essential act for sexually penetrating her vagina with his finger. (*Perez, supra,* 23 Cal.3d at p. 553.)

The People argue defendant's touching of L.S. on her chest and beneath her underwear "are reasonably viewed a[s] 'preparatory' to [his] penetration of the victim in that it may have been intended to sexually arouse either [defendant] or his victim." We

disagree.  Defendant was properly convicted and punished for the lewd and lascivious act of rubbing L.S.'s chest because that act was not a necessary means for accomplishing the genital penetration of L.S.  However, as noted above, while defendant's putting his hand down her pants was a lewd and lascivious act, it was an act necessary to achieve his ultimate goal of penetrating her vagina.

The People also argue lewd and lascivious conduct under section 288, subdivision (a), is a specific intent crime whereas genital penetration under section 289, subdivision (j), is a general intent crime, and therefore "[t]hese two mental states demonstrate that the commission of the two offenses involve separate intents and objectives."  The argument is not well taken.  The point missed by the People is defendant's commission of the section 288, subdivision (a), offense was the necessary means for accomplishing the section 289, subdivision (j), offense.

Accordingly, we direct the trial court to stay, pursuant to section 654, the punishment imposed for count 2.

### III

#### *Counts 3 and 4*

Defendant contends the consecutive 25-year-to-life sentences imposed on counts 3 and 4 must be reduced to one consecutive 25-year-to-life term.  The People agree, and so do we.

At the time the offenses in counts 3 and 4 were committed, section 667.61, subdivision (g), provided:  "The term specified . . . shall be imposed on the defendant once for any offense or offenses committed against a single victim during a single occasion.  If there are multiple victims during a single occasion, the term specified . . . shall be imposed on the defendant once for each separate victim.  Terms for other offenses committed during a single occasion shall be imposed as authorized under any other law, including Section 667.6, if applicable."  (Stats. 1998, ch. 936, § 9, p. 6876.)  "[F]or the purposes of . . . section 667.61, subdivision (g), sex offenses occurred on a

7

'single occasion' if they were committed in close temporal and spatial proximity." (*People v. Jones* (2001) 25 Cal.4th 98, 107.)

Counts 3 and 4 were based on defendant's lewd and lascivious conduct with L.S. in the field. Since the hands on L.S.'s chest was immediately followed by his putting his hand down her pants and his finger into her vagina, the molestations are properly viewed as having occurred on a single occasion. Therefore, only one consecutive 25-year-to-life term may be imposed. On remand, we direct the trial court to determine which count shall be sentenced with a consecutive 25-year-to-life term and which count shall have the sentence stayed pursuant to section 654.

## IV

### *Count 8*

Defendant contends his conviction for lewd and lascivious conduct in count 8 must be reversed because the time period charged for count 8 overlapped with a portion of the time period for the continuous sexual abuse conviction charged in count 6. We agree.

"[S]ection 288.5 defines the crime of continuous sexual abuse of a child. Any person who either resides in the same home with a minor child or has recurring access to the child, who over a period of time, not less than three months in duration, engages in three or more acts of substantial sexual conduct with the child or three or more acts of lewd or lascivious conduct, is guilty of the offense of continuous sexual abuse. [Citations.] [¶] . . . The statute, however, imposes certain limits on the prosecution's power to charge both continuous sexual abuse and specific sexual offenses in the same proceeding. A defendant may be charged with only one count of continuous sexual abuse unless multiple victims are involved, in which case a separate count may be charged for each victim. (§ 288.5, subd. (c).) And . . . '[n]o other felony sex offense involving the same victim may be charged in the same proceeding with a charge under this section unless the other charged offense occurred outside the time period charged under this

8

section or the other offense is charged in the alternative.' [Citation.]" (*People v. Johnson* (2002) 28 Cal.4th. 240, 242-243.)

The time period for the sexual abuse involving B.D. charged in count 6 was "[o]n and between the 7th day of June, 1995 and 6th day of June, 2004." The time period for the lewd and lascivious conduct involving B.D. charged in count 8 was "[o]n and between the 23rd day of April, 2004 and 23rd day of April, 2006." Thus, the periods for each offense overlapped from April 23, 2004, to June 6, 2004. Counts 6 and 8 were not charged in the alternative. Thus, while the period charged in count 8 was partially outside of the charging period in count 6, it was not completely outside of it.

The People acknowledge the overlap, but argue there is no indication the jury convicted defendant of count 8 based on incidents that occurred during the period alleged for count 6. The People urge that there is a "reasonable probability" the jury convicted defendant of count 8 for "acts occurring outside of the count 6 time frame" because the prosecutor informed the jury count 8 "refer[ed] to when [B.D.] was about 13 and the lewd acts that occurred to her during that time frame which [is] outside of [the] continuous abuse of a child charge." The argument is not persuasive.

While it is true the prosecutor informed the jury as quoted above, it is also true the court read to the jury count 8 as it was charged in the amended information, to wit, the acts occurred "[o]n and between the 23rd day of April, 2004 and 23rd day of April, 2006"; the court provided the jury with a written copy of the information; and in both the oral and written instructions the court informed the jury, "You must follow the law as I explain it to you, *even if you disagree with it*" and "[i]f you believe that the attorney comments on the law conflict with my instructions, *you must follow my instructions*." (Italics added.)

"We of course presume 'that jurors understand and follow the court's instructions' [citation]." (*People v. Wilson* (2008) 44 Cal.4th 758, 803.) Accordingly, we conclude the jury, confronted with the variance between the court's instructions and the

9

prosecutor's comment, followed the court's instructions, which did not preclude a conviction in count 8 based on an offense committed within the overlap.

Although the prosecution did not charge defendant in the alternative, the trial court's instructions had the effect of presenting alternate theories. One theory was legally correct and the other was not. Specifically, if the conviction in count 8 rested on an act outside the overlap period, the conviction was based on a legally correct theory. But if the conviction was based on an act within the overlap period, the conviction was based on a legally incorrect theory, namely a violation of section 288, subdivision (c). "When the prosecution presents its case to the jury on alternate theories, one of which is legally correct and the other legally incorrect, 'we must reverse the conviction unless it is beyond a reasonable doubt that the error did not contribute to the jury's verdict.' " (*People v. Calderon* (2005) 129 Cal.App.4th 1301, 1306-1307.) On this record, we cannot determine whether the conviction on count 8 was based on an act within or outside of the overlap period. Therefore, the conviction in count 8 must be reversed. However, because the error was instructional and there was sufficient evidence to convict defendant on count 8, the People may retry defendant on this count if they so choose. (*People v. Franco* (2009) 180 Cal.App.4th 713, 726.)

## V

### *Count 10*

Defendant contends that because his convictions in counts 9 (aggravated assault on B.D.) and 10 (forcible rape of B.D.) are based upon the same act of rape, count 10 must be reversed and dismissed because it is a lesser included offense of count 9. The People counter that count 10 is not a lesser included offense because, as argued to the jury by the prosecutor, each count involves a separate act of rape. We reject both positions. We conclude count 10 is not a necessarily included offense of count 9; the prosecutor's argument to the jury showed the prosecutor was relying on a single act of rape as the basis for convicting defendant of counts 9 and 10; and because counts 9 and

10

10 were based upon the same act of rape, one of the two 15-year-to-life sentences imposed on counts 9 and 10 must be stayed pursuant to section 654.

### Count 10 is Not a Necessarily Included Offense of Count 9

"Courts should consider the statutory elements and accusatory pleading in deciding whether a defendant received notice, and therefore may be convicted, of an *uncharged* crime, but only the statutory elements in deciding whether a defendant may be convicted of multiple *charged* crimes." (*People v. Reed* (2006) 38 Cal.4th 1224, 1231.) *Reed* explained the reasoning behind the foregoing rule. " 'Because a defendant is entitled to notice of the charges, it makes sense to look to the accusatory pleading (as well as the elements of the crimes) in deciding whether a defendant had adequate notice of an uncharged offense so as to permit conviction of that uncharged offense.' [Citation.] But this purpose has no relevance to deciding whether a defendant may be convicted of multiple charged offenses. '[I]t makes no sense to look to the pleading, rather than just the legal elements, in deciding whether conviction of two charged offenses is proper. Concerns about notice are irrelevant when both offenses are separately charged. . . .' [Citation.]" (*Id.* at pp. 1229-1230.)

"The elements test is satisfied when ' "all the legal ingredients of the corpus delicti of the lesser offense [are] included in the elements of the greater offense." [Citation.]' [Citations.] Stated differently, if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former. [Citations.]" (*People v. Lopez* (1998) 19 Cal.4th 282, 288.)

Section 269 provides that any person committing either forcible rape (§ 261, subd. (a)(2)), rape in concert (§ 264.1), sodomy by force or duress (§ 286), oral copulation by force or duress (§ 288a), or genital penetration with a foreign object (§ 289, subd. (a)) on a child under 14 years of age and the child is 10 years or more younger than the person is guilty of aggravated sexual assault on a child. Because section 269 may be violated

11

without committing forcible rape, forcible rape is not a necessarily included offense of section 269.

### Counts 9 and 10 Were Based upon the Same Act of Rape

Count 9 charged defendant with aggravated sexual assault on B.D. by forcibly raping her on or between June 7, 2004, and June 6, 2005 (when she was 13 years old) in violation of section 269, subdivision (a)(1).  Count 10 charged defendant with forcibly raping B.D. on or between June 7, 2004, and June 6, 2006 (when she was 13 or 14 years old) in violation of section 261, subdivision (a)(2).

In addressing counts 9 and 10, the prosecutor informed the jury:  "If you decided that the defendant committed forcible rape against [B.D.], then both Counts 9 and 10 would be -- you'd find him guilty of both, as long as you agree that [B.D.] was under the age of 14 when it occurred.  [¶]  If for some reason you believe that [B.D.] was over the age of 14 when forcible rape occurred, then he would only be guilty of Count 10, not Count 9."

The People argue the prosecutor was "not referring to a single incident to support the convictions for counts 9 and 10."  That this is so, the People continue, was shown by the prosecutor's reference to B.D.'s testimony that "she had struggled against [defendant] and told him no 'each time' he raped her and by B.D.'s testimony he raped her twice when she was 13 years old -- once on the bed in defendant's bedroom and the other in the bathroom of his bedroom."

The prosecutor's reference to B.D.'s struggling "each time" defendant raped her was made in the context of proving the element of "force" in the charge of "forcible rape" and had nothing to do with specifying separate acts of rape for conviction in counts 9 and 10.  As to B.D.'s testimony she was raped twice by defendant when she was 13 years old, the prosecutor neither referred to either of these acts of rape in his argument to the jury nor did he ever specifically inform the jury he was relying on separate acts of rape. Indeed, the prosecutor's statement to the jury was that "[i]f you decide that the defendant

12

committed *forcible rape* against [B.D.], then both Counts 9 and 10 would be -- you'd find him guilty of both, as long as you agree that [B.D.] was under the age of 14 when *it* occurred." (Italics added.) This statement referred to a single act of rape.

Based on the record, we conclude the prosecutor was informing the jury the same act of forcible rape would suffice for conviction in each of counts 9 and 10. Thus, section 654 applies to one of the two 15-year-to-life sentences for counts 9 and 10. "Section 654 prohibits multiple punishments for a single act, even though the act constitutes more than one crime." (*People v. Martinez* (2007) 156 Cal.App.4th 851, 857.) On resentencing, we direct the trial court to determine which of the two 15-year-to-life sentences for counts 9 and 10 should be stayed under section 654.

## VI

### *Abstract of Judgment*

Defendant notes the abstract of judgment specifies his offense in count 2 as a violation of section 289, subdivision (a) -- forcible genital penetration of the victim -- whereas defendant's conviction for count 2 was under subdivision (j) of section 289 -- genital penetration of a person under 14 years of age and is 10 years younger than the defendant. Upon resentencing, we direct the trial court to correct this clerical error.

## DISPOSITION

The conviction in count 8 is reversed. The judgment is reversed and the matter remanded to the trial court with directions to do the following: (1) stay pursuant to Penal Code section 667.61, subdivision (f), the concurrent terms imposed for the kidnapping in count 1; (2) stay pursuant to Penal Code section 654 the punishment imposed for genital penetration in count 2; (3) stay pursuant to Penal Code section 667.61, subdivision (g), one of the 25-year-to-life terms imposed on counts 3 and 4; (4) afford the People the opportunity to retry defendant on count 8, but if the People decline to do so the court is directed to dismiss count 8; (5) stay pursuant to Penal Code section 654 one of the two 15-year-to-life sentences imposed on counts 9 and 10; and (6) prepare a corrected

13

abstract of judgment showing defendant's conviction in count 2 was under subdivision (j), rather than subdivision (a), of Penal Code section 289.

      HOCH     , J.


We concur:


     RAYE    , P. J.


     BUTZ    , J.