402 P.2d 17

**STATE of Arizona, Appellee,**

v.

**George H. HARVEY and Verna Bremer, Appellants.**

No. 1445.

Supreme Court of Arizona.

En Banc.

May 12, 1965.

Robert Pickrell, then Atty. Gen., Darrell Smith, Atty. Gen., and Philip M. Haggerty, Asst. Atty. Gen., Phoenix, for appellee.

Claude W. Olney, Phoenix, for appellants.

UDALL, Justice.

George H. Harvey and Verna Bremer, hereinafter referred to as defendants, were convicted of the crimes of statutory rape and lewd and lascivious acts in a trial by

jury in the Superior Court of Maricopa County. From the convictions they bring this appeal.

Defendant Harvey lived with defendant Bremer and her two children. On a particular date sometime during the period between December 1961 and February 1962, defendants had a photographer take lewd pictures of themselves with defendant Bremer's 14 year old daughter at their home in Phoenix. The pictures show among other things, defendant Harvey in the act of sexual intercourse with the 14 year old daughter and defendant Bremer in oral copulation with her daughter.

These pictures were subsequently discovered by the police—and defendants in September 1963 were charged in the Superior Court of Maricopa County with contributing to the delinquency of a minor. The direct information read in pertinent part as follows:

"* * *

"The said Verna Bremer and George H. Harvey on or about January, 1962, and before the filing of this information at and in the County of Maricopa, State of Arizona, did then and there, by wrongful and improper acts and conduct, wilfully and unlawfully encourage and contribute to the delinquency of one * * * who was then and there a female child under the age of eighteen years, to-wit, of the age of 13 years, which said wrongful and improper acts and conduct on the part of said defendant were as follows, to-wit: *said defendants raped and performed unatural (sic) sex acts upon the nude body of said * * * and allowed said acts to be photographed.*" (emphasis added).

"* * *"

Both defendants pleaded guilty to the charges and defendant Harvey was sentenced to one year in the county jail and defendant Bremer was sentenced to three months in the county jail. The convictions were not appealed.

Subsequent to the above action the State commenced criminal actions against defendants for statutory rape (count I) and lewd and lascivious acts (count II) upon the 14 year old daughter of defendant Bremer. Defendants pleaded not guilty to both counts by reason of the prior conviction to the crime charged. Defendant's motion to dismiss on account of double jeopardy was denied. At the trial two witnesses testified; the daughter and a police officer. The daughter testified that the alleged acts which were photographed took place only once sometime around Christmas 1961 or 1962. In defendant Harvey's confession he states that the occurrence took place in December 1961 or January 1962. Defendant Bremer in her confession stated that the occurrence took place in February 1962. Although there is some

degree of uncertainty upon the date of the occurrence, the record clearly reveals that it occurred only once when pictures were taken.

Defendants were convicted on both counts and sentenced to terms in the state prison. They appeal on the grounds that they were twice put in jeopardy for the same acts and offenses contrary to law. Our state constitution provides in Art. 2 § 10 A.R.S.:

"No person shall be * * * twice put in jeopardy for the same offense."

In addition, A.R.S. § 13–145 (1956) provides:

"When the defendant is convicted or acquitted, or has once been placed in jeopardy upon an indictment or information, the conviction, acquittal or jeopardy is a bar to another indictment or information for the offense charged in either, or for an attempt to commit the offense, or for any offense necessarily included therein, of which he might have been convicted under the indictment or information."

Also, A.R.S. § 13–1641 (1956) provides:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

■ Defendants were convicted of contributing to the delinquency of a minor for the reason of their raping and performing unnatural sex acts upon the daughter and photographing such incident. They were later convicted of rape and lewd and lascivious conduct arising out of the very same incident. The conduct involved ·in this incident was punishable in different ways by different sections of the laws. The state after obtaining a conviction under one section is barred from prosecuting for the same act under any other section. A.R.S. § 13–1641 (1956).

■ In addition, the offense of contributing to the delinquency of a minor is necessarily included in the offenses of statutory rape and lewd and lascivious conduct with a minor. People v. Greer, 30 Cal.2d 589, 184 P.2d 512 (1947).[1] In the first

1. It should be noted that the Greer case involved almost an identical problem as in the case at bar and is therefore persuasive in this case. It should also be noted that all of the applicable statutes in this case have been adopted from California and the Greer case which has interpreted these statutes has been relied upon several times by this Court in past cases involving the question of double jeopardy. See e. g., State v. Woodring, 95 Ariz. 84, 386 P.2d 851 (1963); State v. Westbrook, 79 Ariz. 116, 285 P.2d 161, 33 A.L.R.2d 619 (1954). Compare State v. Romero, 85 Ariz. 263, 336 P.2d 366 (1959).

criminal action against defendants they could have been charged with statutory rape and lewd and lascivious conduct, and a jury, under proper instructions could have returned a verdict of guilty of contributing to the delinquency of a minor. People v. Greer, supra. Had the jury done so, defendants could not have been later convicted of the greater offenses. People v. Greer, supra. Instead, defendants are now convicted of both the included and the greater offenses. They have been subjected to more than an additional criminal prosecution. The trial court has sentenced them to terms in the state prison for the greater offenses in addition to terms in the county jail under the first convictions.

It should be made clear that a defendant could be convicted of contributing to the delinquency of a minor without committing statutory rape or a lewd and lascivious act. However, here the act which contributed to the delinquency of a minor was the statutory rape and lewd and lascivious conduct. It should also be noted that although the offense of contrib-

uting to the delinquency of a minor is necessarily included in the offenses of statutory rape and lewd and lascivious conduct with a minor, defendants could be convicted more than once under the same statute, so long as they are prosecuted for separate acts. The doctrine of included offenses is applicable only when the same act is relied upon for more than one conviction. It is clear from the record in this case that the conduct which occurred on the day in question as shown by the photographs taken at that time was the basis of both convictions and therefore the later conviction of statutory rape and lewd and lascivious conduct must be reversed. The record contains some evidence that defendant Harvey may have been involved in other similar conduct with the daughter at other times. This opinion in no way bars criminal prosecution for such other acts on the ground of former jeopardy.

Reversed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and McFAR-LAND, JJ., concur.