511 P.2d 642

The STATE of Arizona ex rel. Joe PURCELL, Phoenix City Attorney, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, and the Honorable Jerry H. Glenn, Judge thereof; and Loren Wayne MOXLEY, Defendant and Real Party In Interest, Respondents.

No. 11201.

Supreme Court of Arizona, En Banc.

July 6, 1973.

Rehearing Denied Sept. 18, 1973.

Joe R. Purcell, City Atty., by Christina J. Peterson and Joseph A. Tvedt, Jr., Asst. City Attys., Phoenix, for petitioner.

Harold Riddel, Phoenix, for respondents.

HAYS, Chief Justice.

This is a special action brought by the State of Arizona on relation of the Phoenix City Attorney. After a hearing we accepted jurisdiction.

The petition shows that Respondent Moxley was arrested and charged with two misdemeanors. He pleaded guilty to both charges in the City Court of Phoenix, was sentenced, and appealed to Superior Court. There, he pleaded not guilty, requested a jury trial, and moved to quash the complaints for lack of jurisdiction. His ground was that the complaints were not

sworn to, and that the Fourth and Fourteenth Amendments to the United States Constitution would be violated if he were brought to trial on unsworn complaints.

The trial judge sustained the defendant's motion and dismissed the charges, and this special action by the State followed. The petition informs us that the practice of moving to quash charges on these same grounds is growing; that in at least eleven divisions of the Superior Court of Maricopa County, the same judgments are being rendered; that in other divisions and in justice courts throughout the state, the rulings vary, thus imposing a great burden on the prosecution in traffic cases. The petition also alleges that eliminating the use of uniform traffic tickets as unsworn complaints, and requiring sworn complaints to replace them would, by increasing the time and expense, cause great hardship to the State with no benefit to the defendants.

The State's brief in this case is sound, helpful and convincing.

■ July 1, 1963, was the effective date of the Rules of Procedure in Traffic Cases, promulgated by this Court. In them we provided that the moving violations "shall" be commenced by the Arizona Traffic Ticket and Complaint "in accordance with these Rules." This did not refer to two separate documents, for in the appendix to the Rules, we illustrated the form of traffic ticket to be used, showing the "Front Side of Complaint" and "Reverse Side of Complaint." "Arizona Traffic Ticket and Complaint" refers to one document.

■ It is beyond cavil that a valid complaint is the basis of the jurisdiction of a criminal case by any court. It follows that in our system of courts, in which appeals from justice and city courts to the superior court result in trials de novo, the basis of the superior court's jurisdiction to try the case is the complaint made in the court from which the appeal was taken. Ex parte Coone, 67 Ariz. 299, 195 P.2d 149 (1948).

The traffic-ticket complaint used in this case was an exact duplicate of the one illustrated in the appendix to the Rules heretofore mentioned.

Rule II of the Rules of Procedure in Traffic Cases, 17 A.R.S., reads as follows:

"Every action . . . brought before a Court . . . on the complaint of a peace officer for a Traffic Offense shall . . . be commenced by the Arizona Traffic Ticket and Complaint in accordance with these Rules."

Arizona Constitution, Art. VI, § 22, A.R.S., provides:

"The pleadings and proceedings in criminal causes in the courts shall be as prescribed by law. . . ."

A.R.S. § 12–109, subsec. A provides:

"The supreme court, by rules promulgated from time to time, shall regulate pleading, practice and procedure in judicial proceedings in all courts of the state for the purpose of simplifying such pleading, practice and procedure and promoting speedy determination of litigation upon its merits. . . ."

A.R.S. § 13–1598 provides:

"Neither a departure from the form or mode prescribed in respect to any pleadings or proceedings, nor an error or mistake therein, shall render the pleading or proceeding invalid, unless it actually has prejudiced, or tended to prejudice, the defendant in respect to a substantial right."

A.R.S. § 13–1418.01 provides:

"A. Complaints stating misdemeanor charges . . . need not be sworn to if they contain a form of certification by the arresting officer in substance as follows:

'I hereby certify that I have reasonable grounds to believe and do believe that the person cited herein committed the offense described herein contrary to law.'

"B. A false certification under the provisions of subsection A shall constitute perjury."

■ Defendant contends that there is a Fourth Amendment right to have prosecutions begun by a sworn complaint. This amendment, of course, refers to the "right of the people to be secure in their persons" against unreasonable searches and seizures, and admittedly this amendment is binding upon the states. Defendant argues, and we believe correctly, that no warrant of arrest may issue without a sworn complaint approved by a magistrate. But it is here that defendant overlooks the double function of a complaint. It is used, as described above, to interpose the judicial decision of a magistrate between the complaining witness and the accused, to insure that there is probable cause for the arrest. Used in that way, a complaint must be sworn to. But the complaint (in this case, the traffic ticket) has another function. It is often issued *after* an arrest, in which case its function is to give jurisdiction to the traffic court or justice of the peace, and to give the defendant an explanation of the charges against him.

■ With this background, several observations seem pertinent. First, the traffic complaint is a post-arrest complaint and is not a matter of substantive constitutional law. We think it is merely a matter of procedural law and is not of constitutional stature. As was said in the case of Gaither v. United States, 134 U.S.App.D.C. 154, 413 F.2d 1061 (1969), where there was a failure to swear to the complaint before a proper official,

"The minimal function of the complaint as filed *after arrest*, leaves us unable to discern any prejudice to appellants . . ." (Emphasis added).

In short, where the complaint forms the basis of a warrant of arrest, a failure to swear to it may be of constitutional stature, and the defect may be fatal, but a post-arrest unsworn complaint is something entirely different.

Second, as noted above, the officer's certification of the complaint is done under the penalty of perjury. No more can be accomplished by an oath. The penalty of perjury and its deterrent effect on an affiant are exactly the same as in the case of certification. The Constitution does not take account of such quibbling. This view of the post-arrest complaint is borne out by People v. Harding, 34 Ill.2d 475, 216 N.E. 2d 147 (1966), in which that court took notice of the fact that the Illinois State Constitution required complaints charging criminal conduct to be verified, and the Federal Constitution's Fourth Amendment required probable cause to be shown by oath or affirmation, and held:

"[T]he terms of the constitutional provisions apply only to the issuance of a warrant authorizing a seizure of the person—an arrest. . . . They do not purport to lay down any jurisdictional prerequisites governing the institution of a criminal prosecution . . . the constitutional provisions upon which the defendant relies should not be extended to require a sworn complaint as a jurisdictional prerequisite to the prosecution of a criminal offense."

■ The Illinois court, however, went on to invalidate the complaint because of a *state statute* requiring complaints to be sworn. There is no such statute in Arizona, and our applicable rules contain diametrically opposite provisions from the Illinois statutes.

Third, Rule 1(A), Arizona Rules of Criminal Procedure, formerly read:

"All criminal actions . . . shall be commenced by complaint, in writing, under oath, . . ."

Effective July 1, 1971, this language was changed to read:

"All *felony actions* . . . shall be and any misdemeanors may be commenced by complaint, in writing, under oath, . . ." (Emphasis added).

The effect of the change is obvious.

We hold that the uniform traffic ticket is valid and that the rules creating it are constitutional, measured by both the State and Federal Constitutions. It is therefore ordered that the order of the Superior

Court Judge, dated April 2, 1973, be and the same is hereby vacated. The case is remanded with instructions to reinstate the action for trial.

CAMERON, V. C. J., and STRUCK-MEYER and HOLOHAN, JJ., concur.

LOCKWOOD, J., did not participate in the determination of this matter.