528 P.2d 857

**STATE of Arizona, Appellee,**

v.

**Timothy Noel BRENNAN, Appellant.**

**No. 1 CA–CR 734.**

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 5, 1974.

N. Warner Lee, Atty. Gen. by Thomas A. Jacobs and Teresa S. Thayer, Asst. Attys. Gen., Phoenix, for appellee.

Standage & Allen, by Gove L. Allen, Mesa, for appellant.

OPINION

DONOFRIO, Presiding Judge.

We are called upon to determine whether a proper and legal search was conducted upon appellant in discovering marijuana upon his person and in his motor vehicle pursuant to an arrest warrant for failure to appear for a traffic citation.

The facts briefly stated are as follows. During the early morning hours of May 24, 1973 appellant, who was on his way to the Dickson Electronic plant to pick up a friend who was getting off work, stopped his vehicle on the side of the road for a personal reason. His action was observed by Officer Kelleher who was unable to investigate at this point because appellant immediately returned to his car and left. The officer followed Brennan's vehicle and pulled him over. The officer made a driver's license and investigation check, asked some questions, shined his flashlight through the windows of Brennan's auto, and then permitted Brennan to proceed. Thereafter Brennan drove to the Dickson parking lot followed by Officer Kelleher who was keeping him under surveillance. In the meantime Kelleher radioed head-

quarters and received information that there was a traffic warrant for the arrest of Brennan for failure to appear for a speeding ticket in violation of A.R.S. § 13–1423. The officer then placed Brennan under arrest, searched him pursuant to this arrest, and found a small plastic bag containing a small amount of marijuana in his left front pant's pocket. A search of the vehicle revealed additional marijuana under the seat. The automobile was impounded and forfeiture proceedings were instituted.

On July 27 and July 30, 1973 a hearing was held in regard to the forfeiture proceeding. On September 11, 1973 Judge Howard B. Peterson entered judgment in Brennan's favor and ordered that the automobile be returned. Judge Frederic W. Heineman, before whom the instant case was pending, rejected Brennan's claim that the judgment of the forfeiture proceeding was res judicata and found in effect that the arrest was valid and therefore the search was authorized. We need not reach this issue of whether the determination in forfeiture proceeding is res judicata on the charge of illegal possession of marijuana for in our opinion the arrest was made pursuant to an invalid warrant and therefore the search was improper.

The improper warrant of arrest of May 1, 1973 issued by Justice of the Peace Coombs fails in two basic respects. The warrant reads as follows:

"In the Justice Court East Mesa Precinct of Maricopa County, State of Arizona

STATE OF ARIZONA,          WARRENT [sic]
vs                         OF ARREST
TIMOTHY NOEL BRENNAN,      T–3239
              Defendant.

IN THE NAME OF THE STATE OF ARIZONA:

To any Sheriff, Constable, Marshal or Po'iceman in this State:

"A complaint upon oath having this day been laid before me, by R. MILLS that the crime of CT. I, SPEEDING, CT. II, FAILED TO APPEAR FOR ARRAIGNMENT has been committed, and accusing TIMOTHY NOEL BRENNAN thereof, you are therefore commanded forthwith to arrest the above-named TIMOTHY NOEL BRENNAN and bring him before me at MESA, Maricopa County, or in case of my absence or inability to act, before the nearest and most accessible magistrate in this county.

Dated at MESA this 1st day of May, 1973.

/s/ Leo S. Coombs
Justice of the Peace
of said Precinct"

It should be noted that one defect in the warrant, which is shown by the testimony, is that Deputy Mills who issued the speeding citation with defendant's promise to appear did *not* make a complaint upon oath. The following colloquy indicates this failure to comply with A.R.S. § 13–1422(E) [1] upon which the penalty clause (§ 13–1423) was based:

"Q. BY MR. ALLEN: Justice Coombs, other than this traffic formal complaint, did Officer Miles [sic] sign any other affidavit before you?

[1]. § 13–1422

"E. When a person has given his written promise to appear in court upon a designated date pursuant to this section, and thereafter fails to appear, personally or by counsel, on or before that date, the magistrate shall file a complaint, in writing, under oath, setting forth the offense of wilfully violating a written promise to appear in court in accordance with § 13–1423, and shall issue a warrant of arrest thereon. Upon such person's appearance in court for arraignment on the charge of violating § 13–1423, such magistrate shall also arraign such person on the charge stated in the notice to appear and complaint for which such person had previously promised to appear."

It is to be noted that Rule VII of the Rules of Procedure for Traffic Cases effective July 1, 1963, which purports to authorize the Justice of the Peace in the event of non-appearance to issue a warrant of arrest without the necessity of an additional sworn complaint, was not called to our attention nor raised by counsel. Nevertheless, in considering same, our research has indicated that in State ex rel. Purcell v. Superior Court, 107 Ariz. 224, 485 P.2d 549 (1971), the Supreme Court has ruled that § 13–1422 repealed the previous motor vehicle code statutes §§ 28–1053 and 28–1054 which dealt with the same subject matter of failure to appear after promise. In our view the Supreme Court has pasesd upon §§ 13–1422 and 13–1423 as valid and applicable in traffic (motor vehicle) violations repealing §§ 28–1053 and 28–1054 and thus rendering that portion of Rule VII which was previously applicable to said sections 28–1053 and 28–1054 now repealed and inapplicable to this case.

"A. No, sir.

\* \* \* \* \* \*

"Q. So, prior to the issuance of the warrant of arrest, all you had from Officer Miles [sic] was this ticket?

"A. Traffic citation, Yes?"

It therefore becomes evident that the magistrate failed to file a complaint, in writing and under oath, as required by § 13–1422(E). In addition the magistrate, in noncompliance with § 13–1422(E), failed to execute the complaint prior to issuing the warrant. Again, the testimony of Officer Mills reflects this defect:

"Q. Now, did you execute any affidavit or complaint prior to issuing this warrant for failure to appear?

"A. No, sir.

\* \* \* \* \* \*

"Q. So as a matter of routine you never make such an affidavit in this type of case?

"A. As a matter of routine I do not make such affidavit. Such affidavits are made in some cases, but not all.

"Q. So this warrant of arrest for failure to appear was made without any supporting affidavit?

"A. That is correct.

■ The conclusion must be reached that the arrest based upon this invalid warrant was improper and that therefore the fruits of the search and seizure pursuant to the arrest are not admissible as no warrant of arrest may issue without a sworn complaint approved by a magistrate. See State ex rel. Purcell v. Superior Court, 109 Ariz. 460, 511 P.2d 642 (1973). Failure to comply with the mandates of § 13–1422(E) is fatal.

■ Accordingly, as the arrest warrant was invalid, there thus was a warrantless arrest. Therefore the subsequent search of appellant and his automobile and seizure of the marijuana was invalid. State v. Richards, 110 Ariz. 290, 518 P.2d 113 (1974).

The conviction of appellant is reversed.

OGG and STEVENS, JJ., concur.