UNITED STATES of America, Plaintiff-Appellant,

v.

Anthony Robert WHEELER, Defendant-Appellee.

No. 76–1509.

United States Court of Appeals, Ninth Circuit.

Dec. 2, 1976.

Rehearing and Rehearing En Banc Denied March 23, 1977.

Daniel R. Drake, Asst. U. S. Atty. (argued), Phoenix, Ariz., for plaintiff-appellant.

Thomas C. Kleinschmidt, Asst. Federal Public Defender, Appointed (argued), Phoenix, Ariz., for defendant-appellee.

Before GOODWIN and SNEED, Circuit Judges, and EAST,* District Judge.

SNEED, Circuit Judge:

This case presents the question whether Indian tribal courts and federal district courts are "arms of different sovereigns" for purposes of the Double Jeopardy Clause.[1] We hold that they are not arms of separate sovereigns and, therefore, that an individual cannot be tried for the same offense before both an Indian tribal court and a court of the United States Government. Furthermore, we hold that the guarantee against double jeopardy has been violated in this case.

The defendant, a Navajo Indian, plead guilty in Navajo tribal court on October 18, 1974 to charges of contributing to the delinquency of a minor [2] and disorderly conduct,[3] the charges growing out of an incident that had occurred on Indian territory two days earlier. Over a year later the defendant was indicted in federal court for carnal knowledge of a female Indian under the age of sixteen years.[4] There is no dispute that the federal charge grew out of the same incident and the same actions of the defendant as the "contributing to the delinquency of a minor" charge before the Navajo tribal court. Before trial, the district court judge dismissed the indictment "on the basis that the defendant [had] already once been placed in jeopardy for the same offense." We affirm.

I.

The Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S.Const. Amend. V. However, the Supreme Court held early in its history that the Double Jeopardy Clause does not prevent a federal court from trying a person for the same crime for which he had been tried previously by a state court, and vice-versa. *See Moore v. Illinois,* 55 U.S.

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. While the court in *United States v. La Plant,* 156 F.Supp. 660, 662 (D.C.Mont.1957) granted defendant's motion to dismiss "on the ground that defendants would be placed in double jeopardy by reason of conviction for the same offense in the Blackfeet Tribal Court," the Government had conceded the issue in its brief.

   *See also* U. S. Dep't of the Interior, Federal Indian Law 447–448 (1958), asseverating that "the punishment of an Indian under ['the local law of the tribe'] must be deemed a bar to further prosecution under any applicable Federal laws, even though the offense be one against a non-Indian," but backing this conclusion neither with citations nor with discussion.

2. Title 17, section 321 of the Navajo Tribal Code.

3. Title 17, section 351 of the Navajo Tribal Code.

4. 18 U.S.C. §§ 1153, 2032 (1970).

(14 How.) 13, 14 L.Ed. 306 (1852).[5] As explained by the Court:

> Every citizen of the United States is also a citizen of a state or territory. He may be said to owe allegiance to two sovereigns, and may be liable to punishment for infraction of the laws of either. The same act may be an offense or transgression of the laws of both . . . . That either or both may (if they see fit) punish such an offender cannot be doubted. Yet it cannot be truly averred that the offender has been twice punished for the same offense; but only that by one act he has committed two offenses, for each of which he is justly punishable.

*Id.* at 20. The Court has construed its "dual sovereignty" rationale narrowly and has never applied it outside of the federal court or state court context.[6] The Court has held that the double jeopardy guarantee proscribes prosecution in United States territorial court once the defendant has been tried for the same crime in federal military court, *see Grafton v. United States,* 206 U.S. 333, 27 S.Ct. 749, 51 L.Ed. 1084 (1907), and also proscribes parallel prosecutions in state and municipal courts, *see Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). According to the Court, these latter cases involve prosecutions before two courts of a single sovereign.

█ In the instant case, we are faced by a dual trial situation that does not fit neatly into either the "single sovereign" or "dual sovereign" categories. Indian tribal courts are not merely a political unit of the Federal Government, such as federal district courts, military tribunals, etc. Indian tribes do maintain a "semi-independent position" within the borders of the United States. *See McClanahan v. Arizona State Tax Comm'n,* 411 U.S. 164, 172–173, 93 S.Ct. 1257, 36 L.Ed.2d 129 (1973), *quoting United States v. Kagama,* 118 U.S. 375, 381–382, 6 S.Ct. 1109, 30 L.Ed. 228 (1886). But, at the same time, they clearly do not have the sovereign status of a state. Nor is their "semi-independence" like that accorded the Commonwealth of Puerto Rico.[7] As emphasized in *McClanahan, supra,* Indian tribes enjoy semi-independent status "*not as States, not as nations, not as possessed of the full attributes of sovereignty,* but as a separate people, with the power of regulating their internal and social relations, and thus far not brought under the laws of the Union or of the State within whose limits they reside." 411 U.S. at 173, 93 S.Ct. at 1263, *quoting Kagama, supra,* 118 U.S. at 381–382, 6 S.Ct. 1109 (emphasis added). The federal government has complete, plenary control over the criminal jurisdiction of tribal courts. *See Winton v. Amos,* 255 U.S. 373, 41 S.Ct. 342, 65 L.Ed. 684 (1921); *Lone Wolf v. Hitchcock,* 187 U.S. 553, 23 S.Ct. 216, 47 L.Ed. 299 (1903). It possesses no such control with respect to the states.

█ It follows that *Moore v. Illinois, supra,* and its progeny are not applicable to the instant case. The double jeopardy guarantee applies. If forced to choose a relevant analogy by which to guide our decision in this case from amongst the courts considered by the Supreme Court in

---

**5.** Despite criticism from within the Court, this "exception" to the double jeopardy guarantee has been repeatedly reaffirmed. *See, e. g., Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959).

**6.** As the Supreme Court recognized in *United States v. Kagama,* 118 U.S. 375, 6 S.Ct. 1109, 30 L.Ed. 228 (1886), there are only two sovereign entities within the United States: the federal government and the states. "Indians are within the geographical limits of the United States. The soil and the people within these limits are under the political control of the government of the United States, or of the states of the Union. There exists within the

broad domain of sovereignty but these two." 118 U.S. at 379, 6 S.Ct. at 1111.

**7.** Congress, in 1952, entered into a "compact" with "the people of Puerto Rico," giving Puerto Rico "Commonwealth" status and "the degree of autonomy and independence normally associated with States of the Union." *Examining Bd. of Eng'rs, Architects and Surveyors v. Flores de Otero,* 426 U.S. 572, 593–597, 96 S.Ct. 2264, 2277–2279, 49 L.Ed.2d 65 (1976). As the Court in *Flores de Otero* noted, Puerto Rico's status is *sui generis* ; "Puerto Rico occupies a relationship to the United States that has no parallel in our history." *Id.* at 596, 96 S.Ct. at 2278.

the double jeopardy-"dual sovereignty" context, we would select territorial courts, described in *Grafton v. United States, supra,* as "civil court[s] proceeding under the authority of the United States"; as already indicated, territorial courts are prevented by reason of double jeopardy from trying an individual for the same offense for which he already has been convicted by a United States military court. We find support for our conclusion that the double jeopardy guarantee applies in *Colliflower v. Garland,* 342 F.2d 369 (9th Cir. 1965). There, this court reviewed the history of a tribal court system substantially similar to the history of the Navajo courts and concluded that

> [i]n spite of the theory that for some purposes an Indian tribe is an independent sovereignty, we think that, in the light of their history, it is pure fiction to say that the Indian courts functioning in the Fort Belknap Indian community are not in part, at least, arms of the federal government.

*Id.* at 378–379.

In summary, Indian tribal courts and United States district courts are not arms of separate sovereigns. Indian tribes are not states. Thus, the defendant in the instant case could not be tried in federal district court for the same offense that he was previously convicted of in Navajo tribal court without violating the Double Jeopardy Clause of the Fifth Amendment.

## II.

The Government argues that, even assuming the double jeopardy guarantee applies in the case before us, the defendant is not being tried for the same offense in federal court as he was convicted of in tribal court. We disagree.

■ A defendant does not have to be charged with the exact same offense before both courts in order for double jeopardy to exist. The double jeopardy guarantee is also violated where one of the charges is a "lesser included offense" of the other— where every violation of one charge necessarily constitutes a violation of the other. *See Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Gavieres v. United States,* 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1911); *Henry v. United States,* 215 F.2d 639, 641 (9th Cir. 1954).

In the instant case, "contributing to the delinquency of a minor" (one of the two tribal court charges) is a lesser included offense to "carnal knowledge of a female under the age of sixteen years" (the federal charge). The two charges grew out of the same actions of the defendant. And the evidence necessary to convict the defendant of carnal knowledge would have been sufficient to convict the defendant of contributing to the delinquency of a minor. We find support for this holding in the state cases of *State v. Harvey,* 98 Ariz. 70, 402 P.2d 17, 19 (1965) and *People v. Greer,* 30 Cal.2d 589, 184 P.2d 512, 517 (1947), both holding that contributing to the delinquency of a minor is a lesser included offense to statutory rape.[8]

Therefore, we hold that an individual cannot be indicted in federal court for a crime after having been tried in Indian tribal court for a lesser included offense.

AFFIRMED.

---

8. We find no evidence of a significant difference in the substance of the state offenses dealt with in *Harvey* and *Greer* and the offenses involved here that would warrant distinguishing those two cases.