UNITED STATES of America, Appellee,

v.

John WALKING CROW, Appellant.

No. 77–1136.

United States Court of Appeals,
Eighth Circuit.

Submitted May 18, 1977.

Decided Aug. 10, 1977.

---

Donald A. Porter, Pierre, S. D., argued and on brief for appellant.

Richard D. Hurd, Asst. U. S. Atty. (argued), and William F. Clayton, U. S. Atty., Sioux Falls, S. D., on brief, for appellee.

Before BRIGHT and HENLEY, Circuit Judges, and BENSON, Chief District Judge.*

HENLEY, Circuit Judge.

This case brings before us again the question that we found "troublesome" in *United States v. Kills Plenty,* 466 F.2d 240, 243 (8th Cir. 1972), *cert. denied,* 410 U.S. 916, 93 S.Ct. 971, 35 L.Ed.2d 278 (1973), namely, whether Indian tribal courts and the district courts of the United States derive their adjudicatory powers from the same sovereign. In *Kills Plenty* the question arose in connection with a claim of collateral estoppel; here it arises in connection with a claim of double jeopardy.

On January 27, 1976 at Mission, South Dakota, which is located on the Rosebud Sioux Indian Reservation, appellant, John Walking Crow, a member of the Rosebud Sioux Tribe, robbed Thomas Standing Soldier, another member of the Tribe, of certain money or personal property. A charge of simple theft was filed against him in the tribal court of the Tribe on February 4, 1976; he entered a plea of guilty and presumably received misdemeanor punishment. In March, 1976 the federal grand jury for the District of South Dakota indicted appellant for the crime of robbery under the Indian Major Crimes Act, 18 U.S.C. § 1153, read in connection with 18 U.S.C. § 2111 which defines the offense of "robbery" when committed within the special territorial jurisdiction of the United States.[1]

---

* The Honorable Paul Benson, Chief District Judge, District of North Dakota, sitting by designation.

1. § 1153 provides that if an Indian commits against another Indian in the Indian country any one of a number of specified major crimes including robbery, the offender is to be punished in the same manner and to the same extent as all other persons who may commit the same offense within the exclusive jurisdiction of the United States.

§ 2111 provides that whoever within the special maritime or territorial jurisdiction of the United States "by force and violence, or by intimidation, takes from the person or presence of another, anything of value, shall be imprisoned not more than fifteen years."

Appellant filed a motion to dismiss the indictment claiming that since he had been convicted of theft in the tribal court and since the theft and the alleged robbery arose out of the same incident, the felony prosecution in the district court was prohibited by the double jeopardy clause of the fifth amendment to the Constitution of the United States.

The motion was denied, and after some delay due to the fact that appellant was tried and convicted of another felony under the Major Crimes Act, he submitted to a bench trial before District Judge Andrew W. Bogue, was found guilty and was sentenced to imprisonment for a period of three years with the sentence to run concurrently with the sentence that had been imposed in the other felony case.[2] He appeals.

■ There is no question that where a person is found guilty of an offense which is a "lesser included offense" that would be incorporated in a charge of a greater offense, he may not later be prosecuted for the greater offense in another court of the same sovereign. For example, a person cannot be prosecuted for a felony in a state court if he has already been convicted in a state municipal court of a misdemeanor growing out of the same act if the misdemeanor is a lesser offense included in the later felony charge. *Waller v. Florida,* 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970). Nor can a person be prosecuted in a federal territorial court after he has been prosecuted for the same crime in a federal military court. *Grafton v. United States,* 206 U.S. 333, 27 S.Ct. 749, 51 L.Ed. 1084 (1907).

■ On the other hand, it is equally well established that if the same act constitutes an offense against two sovereigns, such as the United States and a State of the Union, the double jeopardy clause does not protect him from prosecution for the same offense in the courts of both sovereigns. *Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959), and cases cited.

■ There is no question that simple larceny or theft is a lesser offense included in the offense of robbery defined in § 2111. *United States v. Belt,* 516 F.2d 873 (8th Cir. 1975), *cert. denied,* 423 U.S. 1056, 96 S.Ct. 790, 46 L.Ed.2d 646 (1976). The question, then, is whether for double jeopardy purposes the tribal court of the Rosebud Sioux Tribe and the federal district court in South Dakota are adjudicatory arms of the same sovereign. If they are, the conviction before us must be reversed; otherwise, it must be affirmed.

■ The position of appellant is fully sustained by *United States v. Wheeler,* 545 F.2d 1255 (9th Cir. 1976). With all due respect to that court, we disagree with its holding and decline to follow it. While we "pretermitted" the question in *Kills Plenty, supra,* we said in a footnote to the opinion written by Chief (now Senior) Judge Matthes that "it is our view that the Tribal Courts are not arms of the same sovereign as the United States District Court. *Iron Crow v. Oglala Sioux Tribe,* 231 F.2d 89 (8th Cir. 1956)." 466 F.2d at 243, n. 3. We adhere to that view.

As is well known, the precise relationship between the federal government and the various Indian tribes as far as "sovereignty" is concerned is an anomalous one and has been discussed by the courts in one context or another ever since the days of John Marshall. No useful purpose would be served by repeating the discussion in detail.

In *Iron Crow v. Oglala Sioux Tribe,* 231 F.2d 89 (8th Cir. 1956), cited in *Kills Plenty, supra,* this court held that the tribes of Sioux Indians residing in the Dakotas have always been recognized as quasi-sovereign nations with the inherent powers of sovereignty, except to the extent that those powers have been taken away from them by the exercise by Congress of its paramount power in the area or by treaty; that the tribal

---

2. Appellant filed a notice of appeal in that case as well as in this one, but dismissed his appeal in the earlier case.

courts are not the creations of the federal Constitution or of federal statutes, and that their jurisdiction is inherent with respect to all matters that have not been taken away from them.

In the leading case of *Ex parte Crow Dog,* 109 U.S. 556, 3 S.Ct. 396, 27 L.Ed. 1030 (1883), which arose in what was then Dakota Territory, and which involved the murder of one Indian by another Indian in the Indian country, the Supreme Court held that the federal court in the Territory had no jurisdiction to try the killer for murder. It was after that decision that Congress passed what is now § 1153 and which vested in the federal courts jurisdiction of certain specific crimes mentioned in the statute. *Keeble v. United States,* 412 U.S. 205, 209–12, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973).

■ While that statute took away from the Indian tribes and their tribal courts jurisdiction over enumerated offenses, the jurisdiction that was left to them was in our view an inherent and original jurisdiction of quasi-sovereign powers. We hold that a tribal court in administering its residual jurisdiction is not acting as an adjudicatory arm of the federal government, and that it is not simply an inferior court in the federal judicial system.

It is quite true as the Ninth Circuit points out in *United States v. Wheeler, supra,* 545 F.2d at 1257, that the United States has plenary control over the criminal jurisdiction of tribal courts. That does not answer the question. While Congress might deprive the tribal courts of all of their residual jurisdiction to try offenses not punishable under § 1153, it has not seen fit to do so.

From a practical standpoint, the result that appellant would have us reach might mean that the felony jurisdiction conferred on the federal courts by § 1153 could in instances be frustrated by relatively minor prosecutions in the tribal courts. Such a situation would be undesirable and might lead to still further congressional encroachment on the jurisdiction of those courts.

The result here reached is not contrary to the rationale underlying the recent decision in *United States v. Antelope,* 430 U.S 641, 97 S.Ct. 1395, 51 L.Ed.2d 701 (1977), holding that § 1153 is not racially discriminatory. Nor is it contrary to the holding in *Keeble v. United States, supra,* wherein it was held that an Indian charged with a felony under the Major Crimes Act is entitled in an appropriate case to a lesser included offense instruction even though the lesser included offense itself might originally have been within the exclusive jurisdiction of a tribal court.

The judgment of the district court is affirmed.