UNITED STATES of America, Appellee,

v.

Anthony ELK, Appellant.

No. 77–1263.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 17, 1977.

Decided Aug. 22, 1977.

Burt L. Riskedahl, Bismarck, N.D., filed brief for appellant.

Eugene K. Anthony, U.S. Atty., Fargo, N.D., and James S. Hill, Asst. U.S. Atty., Bismarck, N.D., filed brief for appellee.

Before LAY, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

█ A federal grand jury on November 17, 1976, charged Anthony Elk with assaulting a federal officer in violation of 18 U.S.C. §§ 111 and 1114. At the time of the alleged offense, Anthony Elk, an Indian, resided on the Fort Berthold Indian Reservation in North Dakota. In October of 1976, the local tribal court tried and convicted him of resisting lawful arrest in violation of the penal code of the Three Affiliated Tribes. Because the federal assault charge is similar to and arises from the same incident as the charge for which he previously had been convicted in tribal court, Anthony Elk moved to dismiss the federal prosecution on double jeopardy grounds. The district court denied him relief and he appeals.[1]

█ The appeal presents two questions: (1) whether the federal district court and the Indian tribal court constitute arms of the same sovereign and, (2) if not, whether the offenses are identical within the double jeopardy concept.

We reach only the first question and sustain the order of the district court refusing to dismiss the indictment.

In *United States v. John Walking Crow*, 560 F.2d 386 (8th Cir. 1977), we held that the double jeopardy defense was not available to a member of the Rosebud Sioux Tribe who was being tried in federal court for robbery after being convicted in the tribal court of the lesser included offense of theft. We there said:

This case brings before us again the question that we found "troublesome" in *United States v. Kills Plenty*, 466 F.2d 240, 243 (8th Cir. 1972), *cert. denied*, 410 U.S. 916, 93 S.Ct. 971, 35 L.Ed.2d 278 (1973), namely, whether Indian tribal courts and the district courts of the United States derive their adjudicatory powers from the same sovereign. * * *

\* \* \* \* \* \*

On the other hand, it is equally well established that if the same act constitutes an offense against two sovereigns, such as the United States and a State of the Union, the double jeopardy clause does not protect him from prosecution for the same offense in the courts of both sovereigns. *Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959), and cases cited.

\* \* \* \* \* \*

In the leading case of *Ex Parte Crow Dog*, 109 U.S. 556, 3 S.Ct. 396, 27 L.Ed. 1030 (1883), which arose in what was then Dakota Territory, and which involved the murder of one Indian by another Indian in the Indian country, the Supreme Court held that the federal court in the Territory had no jurisdiction to try the killer for murder. It was after that decision that Congress passed what is now § 1153 and which vested in the federal courts jurisdiction of certain specific crimes mentioned in the statute. *Keeble v. United States*, 412 U.S. 205, 209–12, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973).

While that statute took away from the Indian tribes and their tribal courts jurisdiction over enumerated offenses, the jurisdiction that was left to them was in

---

**1.** This interlocutory order denying a double jeopardy claim is appealable. *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); *United States v. Barket*, 530 F.2d 181 (8th Cir. 1975), *cert. denied*, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 282 (1976).

our view an inherent and original jurisdiction of quasi-sovereign powers. We hold that a tribal court in administering its residual jurisdiction is not acting as an adjudicatory arm of the federal government, and that it is not simply an inferior court in the federal judicial system. [560 F.2d at 387, 388 and 389.]

Our holding in *John Walking Crow* is dispositive of this appeal and we affirm for the reasons set forth therein.

LAY, Circuit Judge, dissenting.

I respectfully dissent. Judge Heaney has stated a carefully reasoned view in his dissent in *United States v. Kills Plenty*, 466 F.2d 240 (8th Cir. 1972), demonstrating the applicability of the double jeopardy defense in the present case. As Judge Heaney observed in *Kills Plenty*:

To reach a contrary result is to ignore the realities and casts grave doubts as to the legitimacy and integrity of the decisions of Indian Tribal Courts which the federal government itself closely supervises. The least we can do is to respect and give full effect to the verdicts of those courts in criminal cases.

466 F.2d at 248.

To sustain the conviction in the present case for the same offense for which the defendant was convicted and punished in tribal court is a travesty of justice.