591 P.2d 77

**Cory BRENDEL, Plaintiff-Appellant,**

v.

**The COUNTY OF PIMA, a Body Politic, Defendant-Appellee.**

**No. 2 CA–CIV 3100.**

Court of Appeals of Arizona, Division 2.

Feb. 15, 1979.

Barber, Haralson & Kinerk, P. C. by Carter Morey, Tucson, for plaintiff-appellant.

Everett, Bury & Moeller, P. C. by David C. Bury and Marshall Humphrey, III, Tucson, for defendant-appellee.

## OPINION

HATHAWAY, Judge.

Appellant, Cory Brendel, brought an action against Pima County and its agents for false arrest. Pima County moved for summary judgment on the grounds that it is not vicariously liable for the torts of its agents, the sheriff or deputy sheriff, and that Brendel was arrested pursuant to an arrest warrant and therefore false arrest cannot lie. The county's motion was granted and this appeal is taken from the judgment entered thereon. We affirm.

The facts giving rise to this lawsuit disclose that appellant, while driving his automobile near Orange Grove and La Canada, just outside of Tucson, was stopped by a Pima County deputy sheriff shortly after 11 p. m. on February 10, 1976, because his left dim headlight was not working. The deputy sheriff checked and discovered that a traffic arrest warrant for appellant was outstanding because he had failed to appear in court 36 months earlier on a repair order traffic ticket issued because his automobile did not have a front license plate. Appellant's evidence, which we accept as true in opposition to the motion for summary judgment, indicates that he called the proper authorities and was advised he did not have to appear in court, but "was instructed to put the plate on, have an officer inspect the car and sign the ticket and to send the ticket in with the fine." He did so.

The outstanding warrant was based upon a citation issued by a City of Tucson policeman. Apparently, the city's record never reflected actions that appellant allegedly took to comply with the repair order traffic ticket, otherwise the arrest warrant would not have issued. On the basis of the outstanding arrest warrant, the deputy sheriff arrested appellant, handcuffed him, and transported him to the county jail where he was booked and incarcerated for the night.

On appeal, appellant asserts that Pima County is liable for the torts of its deputy sheriffs, and denies that the "valid warrant" defense was properly allowed, contending that material fact issues were in genuine dispute. Since we find that consideration of the latter issue is dispositive, we will not address the former.

Appellant contends that the warrant was shown to be invalid through his sworn answers to interrogatories that he had complied with the repair order citation and had returned it to the city. He points out that a valid warrant must be "regular in form" to shield a person from civil liability. Restatement (Second) of Torts, Sec. 123 (1965). Since the warrant was not produced in support of appellee's motion for summary judgment, he contends appellee has not met its burden of proving the validity of the arrest warrant necessary to shield it from civil liability for an alleged false arrest.

Summary judgment is based upon the entire record, including depositions. Rules of Civil Procedure, Rule 56(c), 16 A.R.S. The deposition of the arresting officer, Deputy Carl Cowen, included the following:

"Q. Tell me what happened?

A. Well, as I recall, or at least as the report refreshes my memory, I stopped a '63 Ford Falcon pickup, license number NC4094 with no headlights, and while I was writing a repair order I ran a routine records check on the driver and discovered from communications that this subject, Corey Christian Brendel, was wanted on a Tucson traffic warrant.

Q. All right.

A. And—

Q. All right. Go ahead. What happened next?

A. Well, then after waiting for confirmation of the warrant and getting the warrant number, which is warrant number 827488 from the city, I placed the subject under arrest and called his father to pick up the vehicle.

\* \* \* \* \* \*

A. Well, the warrant, I have been told, they say traffic warrant on them, whether a traffic warrant is for failure to appear at court or failure to take care of the citation. The no license plate was what the original offense was. The warrant is issued by a Judge for failure to comply with whatever the order was."

Having confirmed the warrant, the deputy sheriff was obliged to take appellant into custody. In requesting confirmation, nothing was disclosed revealing that it was satisfied, cancelled or voided. The warrant apparently remained outstanding through some clerical or administrative error attributable to the city. Nothing would indicate that appellee was in any way responsible. The following comment is made on the validity of warrants in Restatement (Second) of Torts, Sec. 123:

"A warrant is valid even though the court, through lack of information or otherwise, has issued it for the arrest of a person in fact innocent of the offense alleged. The guilt or innocence of the accused is not a matter which concerns the officer. It is his duty to serve the warrant and he is privileged to do so, even though he has reason to believe or even knows that the person for whose arrest the warrant is issued is in fact innocent of the offense with which he is charged."

The fact that the officer did not have the actual warrant in his possession, enabling him to inspect it, is of no consequence. Confirmation that the warrant was outstanding is a procedure commonly used and is necessary to effective law enforcement. See generally, *State v. Brennan*, 22 Ariz. App. 471, 528 P.2d 857 (1974). We conclude that the undisputed facts disclose that the officer acted properly under authority of a valid warrant, and appellee was entitled to judgment as a matter of law.

Affirmed.

RICHMOND, C. J., and HOWARD, J., concur.