602 P.2d 847

**STATE of Arizona, Appellant,**

v.

**Nick LAGUNA, Jr., Appellee.**

**No. 2 CA–CR 1858.**

Court of Appeals of Arizona, Division 2.

Nov. 2, 1979.

Richard N. Groves, Santa Cruz County Atty. by William I. Rothstein, Deputy County Atty., Nogales, for appellant.

Michael Drake, Nogales, for appellee.

## OPINION

RICHMOND, Chief Judge.

The state appeals from an order dismissing prosecution of the appellee on felony assault charges because appellee had already been convicted in justice court of a lesser included offense. We agree that the felony charges placed appellee in double jeopardy and affirm.

Appellee was arrested by the Patagonia Town Marshal after he allegedly fired a gun in the direction of two men. He was charged in justice court with discharging a firearm within a city in violation of A.R.S. § 13–3107, and simple assault in violation of A.R.S. § 13–1203(A)(1). The complaint was typed by the justice of the peace based on information he received from the marshal, but was not signed by either the marshal or the justice. Appellee pled guilty to both charges and received a 30–day suspended sentence. Felony charges based on the same acts for which appellee had already been convicted were filed some two weeks later.

■■ A defendant may not be convicted twice for the same offense. Arizona Constitution, Article 2, § 10; A.R.S. § 13–116.

Since appellee pled guilty to a lesser included offense, he may not later be charged with a greater offense arising out of the same incident. See State v. Harvey, 98 Ariz. 70, 402 P.2d 17 (1965). The fact that the jurisdiction of the justice court is limited to misdemeanors is irrelevant since the judicial powers of the superior and justice courts spring from the same organic law, Article 6, § 1 of the Arizona Constitution. Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970).

The state nevertheless asserts that the double jeopardy defense is inapplicable because the complaint initiating the misdemeanor proceedings was not under oath, as is required by A.R.S. § 22–311(A):

A. All proceedings and actions before justice of the peace courts for public offenses of which such courts have jurisdiction shall be commenced by complaint, under oath, setting forth the offense charged, with such particulars of time, place, person and property as to enable defendant to understand distinctly the character of the offense complained of and to answer the complaint.

■ The function of a post-arrest complaint is to give jurisdiction to a justice court and to give a defendant notice of the charges against him. State ex rel. Purcell v. Superior Court, 109 Ariz. 460, 511 P.2d 642 (1973). The requirement that the complaint be under oath is a procedural rather than constitutional requirement, Id., and can be waived by a plea of guilty or by proceeding to trial without objection. People v. Bradford, 69 Ill.2d 21, 338 N.E.2d 182 (1975); City of Seattle v. Jackson, 70 Wash.2d 733, 425 P.2d 385 (1967). Cf. State v. Canaday, 116 Ariz. 296, 569 P.2d 238 (1977) (a guilty plea constitutes a waiver of all nonjurisdictional defenses); State v. White, 102 Ariz. 18, 423 P.2d 716 (1967) (a defendant waives defects in the filing of a complaint and holding of a preliminary hearing when he pleads guilty instead of moving to quash the information). Since appellee waived the technical defect in the complaint by pleading guilty, the justice court had jurisdiction over him and he may

not be charged with a greater offense arising out of the same criminal conduct.

Furthermore, the fact that appellee received a suspended sentence brings into play A.R.S. § 13–116, proscribing double punishment, and bars the felony prosecution regardless of the validity of the prior proceeding. *State v. Ellison*, 26 Ariz.App. 547, 550 P.2d 101 (1976).

The state's final argument, that the misdemeanor proceedings were invalid because the justice of the peace formulated the complaint, is not supported by the record. The testimony of the justice shows that he merely typed the complaint for the marshal, who decided what charges to file. The state's contention that the county attorney has the exclusive authority to decide what charges to allege in a criminal complaint is without merit. Any person who has reasonable grounds to believe another has committed a crime may file a complaint. *Erdman v. Superior Court of Maricopa County*, 102 Ariz. 524, 433 P.2d 972 (1967).

Affirmed.

HOWARD and HATHAWAY, JJ., concur.