[Crim. No. 35177. Second Dist., Div. Four. July 15, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
GARY LEE VAN DE WATER, Defendant and Appellant.

COUNSEL

Tedford Peterson and Quin Denvir, State Public Defender, under appointments by the Court of Appeal, and Edward H. Schulman, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Shunji Asari and Roy C. Preminger, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

KINGSLEY, Acting P. J.—Defendant was charged in four counts with sexual offenses against a child under 14 on two occasions. Counts I and

III, charged commission of lewd and lascivious acts, in violation of section 288a of the Penal Code. He pled not guilty and, after a trial by the court (trial by jury having been duly waived) he was found guilty on all four counts. After a hearing as to his mentally disordered sex offender status, in which he was found not to be mentally disordered, he was sentenced to the middle term of four years on count I and one and one-third years on count II; prison sentences were also imposed on counts II and IV to run concurrent with the sentences on counts I and III. He was given 477 days presentence credit. He has appealed; we affirm.

The child victim testified that, on an occasion in January 1978, while she and her brother were living with defendant and his wife, defendant, in the presence of his wife, Linda, did acts of sexual molestation, including anal copulation. She also testified that, in May of 1978, while she and her mother were living in a motel, defendant, who was babysitting with her, again performed the same acts, but also made her urinate in his mouth.

I

Over objections of the defendant, the trial court permitted three other young children to testify to similar acts of molestation committed on them. It also permitted Linda to testify to conduct between defendant and her in which, inter alia, he required her to urinate in his mouth. Linda testified that, when she protested such conduct, defendant had told her that he would desist if Linda would secure little girls for his sexual pleasure. Linda confirmed the January conduct with the victim and the testimony of two of the other girls.

Defendant here contends that this testimony was inadmissible as being in violation of section 1101 of the Evidence Code.[1] The use of evidence of prior sex acts with girls other than the victim has been considered in several California cases. In the latest extended discussion, in *People* v. *Thomas* (1978) 20 Cal.3d 457 [143 Cal.Rptr. 215, 573 P.2d 433], the Supreme Court approved the use of evidence of prior uncharged acts if not too remote in time[2] or with persons not "similar" to the victim. We conclude that, under the test set forth in that case, the testimony of the three other girls, and the testimony of Linda as to conduct with them was properly admitted.

---

[1]No attack is made on Linda's testimony that she witnessed the January conduct with the named victim.

[2]No contention is made that the conduct was too remote in time.

■ Defendant argues that Linda's testimony as to defendant's conduct with her was improperly admitted because that conduct with her, an adult, was not with a person "similar" to little girl victims. However, the cases on which defendant here relies dealt with sexual conduct between a defendant and an adult that fell within the ambit of conduct (even if not normal heterosexual) that is not uncommon between adults and the rationale of the rule therein laid down is that sexual molestation of young girls is not similar to sexual conduct between adults. However, in the case at bench, Linda testified to a form of sexual gratification differing in nature from that involved in the cases relied on by defendant. We conclude that Linda's testimony concerning defendant's interest in human excrement and urine was not so remote in nature from the conduct with this victim in May of 1978, as to be "remote" from the case at bench and that it was properly admitted.

Further, Linda's testimony that defendant had asked her to secure little girls for his gratification was, by itself, admissible as being an admission by defendant of his having the kind of common plan involved in *Thomas*. Linda's testimony about defendant's conduct with her was an essential part of that testimony as showing the occasion of, and the reason for, defendant's admission.

## II

Defendant contends that it was improper to impose, without a stay, sentences on the two oral copulation counts. ■ Although there is language in *People* v. *Greer* (1947) 30 Cal.2d 589 [184 P.2d 512], which appears to support that contention, on the theory that, under section 288 as amended in 1937, oral copulation is a crime necessarily included in section 288, the Supreme Court, in *People* v. *Perez* (1979) 23 Cal.3d 545 [153 Cal.Rptr. 40, 591 P.2d 63], discussed *Greer* and held expressly that where, as here, there are two separate and different acts of sexual misconduct, even though part of the same episode, both acts may be punished.[3]

---

[3]The Supreme Court said (at p. 553): "A defendant who attempts to achieve sexual gratification by committing a number of base criminal acts on his victim is substantially more culpable than defendant who commits only one such act. We therefore decline to extend the single intent and objective test of section 654 beyond its purpose to preclude punishment for each such act...."

The judgment is affirmed.

Woods, J., and Wenke, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.