Filed 7/5/22  P. v. Perez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D079232 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. INF1800664) |
| ROSENDO GONZALEZ PEREZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, Mark E. Johnson, Judge.  Affirmed.

Chambers Law Firm and Dan E. Chambers for Defendant and Appellant.

Rob Bonta, Attorney General, Charles Ragland, Assistant Attorney General, Melissa Mandel and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Rosendo Gonzalez Perez guilty of nine counts of committing or attempting to commit a lewd and lascivious act against two of his granddaughters when they were under the age of 14 years.  He challenges

the sufficiency of the evidence as to five of the convictions.  We reject the challenge, affirm the judgment, and order correction of a clerical error in the abstract of judgment.

## I.

## BACKGROUND

### A.    *Report of Molestation*

During an investigation of a referral from Child Protective Services in December of 2017, Jane Doe 1 and Jane Doe 2, granddaughters of Perez who were respectively 12 and 13 years old at the time, told a social worker that Perez had touched them "inappropriately."  The social worker contacted police and referred the girls for forensic interviews.

### B.    *Forensic Interviews*

Jane Doe 1 and Jane Doe 2 were interviewed by a child forensic interviewer.  The interviews were recorded by video and audio.

Jane Doe 1 told the forensic interviewer that Perez had touched her "a lot" and described several incidents.  The first incident that Jane Doe 1 recalled occurred when she was 11 or 12 years old and Perez drove her in his semi-truck to a truck stop; while they were inside the truck, he pulled down her pants, touched her vagina, kissed and licked it, and inserted his finger into it.  Jane Doe 1 also told the interviewer that Perez had inserted his penis into her vagina "[a] bunch of times."  She described an incident when she was 12-and-a-half years old and Perez took her to his house when nobody was home, had her undress, and inserted his penis "a little bit" into her vagina while he touched her breast.  He offered her money and told her not to tell anyone. Jane Doe 1 said the next time Perez put his penis in her vagina was in her parents' bedroom while her parents were out of town.  He inserted his finger into her vagina and offered her money to touch his penis, but she

2

refused. Jane Doe 1 told the interviewer that Perez inserted his penis into her vagina on another occasion at his house. She also described an incident in a hotel pool where he touched her buttocks.

Jane Doe 2 told the forensic interviewer that Perez started touching her when she was 10 years old and did so on multiple occasions for about two-and-a-half years. The first incident occurred at Perez's house while Jane Doe 2 was lying on a bed watching a movie and Perez reached into her pants and touched her vagina. A similar incident occurred when Jane Doe 2 was 11 and Perez put his hand on her genital area while she was sleeping on a couch at his house. Jane Doe 2 described another incident when she was 10 or 11 years old and Perez tried to put his hand down her pants while she was riding in his truck, but she pushed him away. When Jane Doe 2 was 12 years old, Perez put his hand on her breast over her clothes.

C. *Criminal Charges*

The People charged Perez with nine counts of committing a lewd and lascivious act against a child under the age of 14 years. (Pen. Code, § 288, subd. (a).) Counts 1 through 5 alleged acts against Jane Doe 1 that occurred when she was 12 years old and identified the act on which each count was based as follows: (1) "First time, fingers on outside of vagina"; (2) "First time, mouth to vagina"; (3) "First time, finger penetrates vagina"; (4) "Sexual intercourse, defendant's bedroom"; and (5) "Sexual intercourse, mother's bedroom." The other four counts alleged acts against Jane Doe 2 and identified the act and/or location on which each was based. The People also alleged Perez had committed a qualifying offense against more than one victim within the meaning of the One Strike law. (*Id.*, § 667.61, subd. (e)(4).)

D.    *Trial*

The case proceeded to a jury trial. Jane Doe 1, Jane Doe 2, and several other witnesses testified and several exhibits were introduced.

Jane Doe 1 was 15 years old when she testified. She said that when she was 10 or 11 years old, Perez would pick her and others up on weekends and take them to his house and to a truck stop to clean his truck, and while there he would touch her. The first time Jane Doe 1 could remember Perez touched her was at his house when she was 10 years old. He removed her clothing and put his hand and tongue on her vagina. When the prosecutor asked Jane Doe 1 about the first incident of Perez's inappropriate touching she had described to the forensic interviewer, Jane Doe 1 remembered that incident occurred at the truck stop, but stated the incident at Perez's house happened earlier. She testified that during the first incident at the truck stop, she was 11 or 12 years old, and Perez touched, kissed, and inserted his finger into her vagina, and touched and sucked her breast. Jane Doe 1 testified that Perez had inappropriately touched her "[e]very Saturday, Sunday" and touched and kissed her vagina "a lot of times."

When the prosecutor asked Jane Doe 1 whether Perez "ever ha[d] sex with [her]," she responded, "No. He would touch me, but no, he wouldn't do that." The prosecutor then played the recording of Jane Doe 1's forensic interview. After the recording finished, the prosecutor again asked Jane Doe 1 whether Perez had sex with her, once at his house and another time in her parents' room, and this time she answered that he had "tried to" put his penis in her vagina. She stated she did not "want to remember" and did not "even want to think about" those incidents Jane Doe 1 testified she told the truth during the forensic interview, and her memory of the touching incidents was better at that time than it was at trial.

4

When asked about the incident in the hotel pool she had described to the forensic interviewer, Jane Doe 1 denied that Perez had touched her and stated, "It's been a long time," and "I don't want to remember stuff." Jane Doe 1 did, however, recall two other incidents at the truck stop when she was 12 or 13 years old, during one of which Perez inserted his finger in her vagina and caused her to bleed, and during the other of which he told her to touch his penis but she refused.

Jane Doe 2 was 16 years old when she testified. She stated she was 10 years old the first time Perez touched her inappropriately, and he did so in his bedroom by putting his hands on her breasts, vagina, and buttocks both over and under her clothing. Jane Doe 2 testified that when she was 11 years old, Perez put his hand and mouth on her vagina in the living room at his house. Jane Doe 2 also described two incidents in Perez's truck. During the first, he grabbed her and tried to pull her pants down, but she got away. During the second, he touched and inserted his fingers into her vagina and grabbed her buttocks. Jane Doe 2 was uncertain about her age at the time of the incidents in the truck but agreed with the prosecutor she might have been 12 years old. The forensic interview of Jane Doe 2 was also played for the jury.

The younger brother of Jane Doe 1 and Jane Doe 2 testified that he once saw Perez grab Jane Doe 1's buttocks with both hands in his truck.

Jane Doe 3, a neighbor of Perez, testified that when she was 16 years old she encountered him standing by his truck while she was walking her dog. When she greeted him, he brushed his hand against her vaginal area over her clothes.

The People also presented testimony from three witnesses, a forensic psychologist, the woman who conducted the forensic interviews of Jane Doe 1

5

and Jane Doe 2, and a sex crimes detective, concerning how children respond to and communicate about sexual abuse by adults and how adult abusers manipulate child victims. The detective also testified that during an interview, Perez said Jane Doe 1 and Jane Doe 2 were lying and their mother "was basically putting them up to it."

Perez called his wife, daughter, and grandson as witnesses. They testified they never saw or heard of any instances of Perez inappropriately touching Jane Doe 1 or Jane Doe 2.

In response to a question from the jury during deliberations, the trial court identified the act on which each count was based and identified the acts in counts involving Jane Doe 1 as follows: (1) "hand on vagina at truck stop"; (2) "mouth on vagina at truck stop"; (3) "finger in vagina at truck stop"; (4) "sexual intercourse at [Perez's] house"; and (5) "sexual intercourse at parent's house."

E.    *Verdicts and Sentence*

On counts 1 through 3 and 6 through 9, the jury found Perez guilty of the charged offenses. On counts 4 and 5, the jury found him not guilty of the charged offenses but guilty on each count of the lesser included offense of attempted commission of a lewd and lascivious act on a child under the age of 14 years. The jury also returned a verdict finding true the multiple-victim allegation under the One Strike law. The trial court sentenced Perez to prison for an aggregate term of 33 years to life. The court also imposed restitution and parole revocation restitution fines and court operations and court facilities assessments.

6

## II.

## DISCUSSION

Perez challenges the sufficiency of the evidence to support the convictions on counts 1 through 5. He contends "[t]he evidence introduced at trial concerning Counts 1 through 3 is muddled at best," because Jane Doe 1 "could recall very few details" about the touching incidents and made "inconsistent" statements about what occurred and where and how it occurred. As to counts 4 and 5, Perez contends that at trial, Jane Doe 1 repeatedly denied that Perez ever had sexual intercourse with her; that by returning verdicts that he was not guilty of the lewd and lascivious acts charged in those counts, the jury concluded no acts of sexual intercourse had occurred; and that the People offered no other evidence that would support convictions of the lesser included offense of attempting to commit a lewd and lascivious act. Perez argues the convictions on counts 1 through 5 must be reversed. The People contend sufficient evidence supports the challenged convictions and ask us to affirm the judgment. They also ask us to order the trial court to correct the abstract of judgment by checking boxes to indicate the conviction on count 7 is a serious felony and a violent felony.

A.    *Sufficiency of the Evidence*

In considering a challenge to the sufficiency of the evidence to support a judgment of conviction, we review the whole record in the light most favorable to the judgment to determine whether it contains substantial evidence (i.e., evidence that is reasonable, credible, and of solid value) from which a rational jury could find the elements of the crime beyond a reasonable doubt. (*Jackson v. Virginia* (1979) 443 U.S. 307, 319; *People v. Johnson* (1980) 26 Cal.3d 557, 578; *People v. Wilson* (2020) 56 Cal.App.5th 128, 153.) Conviction of committing a lewd and lascivious act on a child

7

under the age of 14 years requires proof the child was under that age when the defendant willfully touched the child's body or willfully caused the child to touch her own body, the defendant's body, or someone else's body, with the intent to arouse or gratify the sexual desires of the defendant or the child. (Pen. Code, § 288, subd. (a)[1]; *People v. Martinez* (1995) 11 Cal.4th 434, 452 (*Martinez*); *People v. Lopez* (2010) 185 Cal.App.4th 1220, 1229.) Conviction of attempting to commit a lewd or lascivious act upon a child under the age of 14 years requires proof the child was under that age when the defendant, with intent to arouse or gratify the sexual desires of the defendant or the child, took a direct but ineffectual step toward that goal. (Pen. Code, §§ 21a, 288, subd. (a); *People v. Villagran* (2016) 5 Cal.App.5th 880, 890; *People v. Crabtree* (2009) 169 Cal.App.4th 1293, 1322 (*Crabtree*).) As we shall explain, the evidence introduced at trial was sufficient to support the jury's guilty verdicts on counts 1 through 5.

1. *Counts 1 through 3*

In counts 1, 2, and 3, the People charged Perez with committing lewd and lascivious acts against Jane Doe 1 at the truck stop, namely, putting his hand on her vagina, putting his mouth on her vagina, and putting his finger in her vagina.[2] The testimony of the victim of a lewd and lascivious act may

---

[1] As pertinent here, the statute provides that "a person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony." (Pen. Code, § 288, subd. (a).)

[2] Although these acts were performed on the same victim during the same incident, they constitute distinct violations of Penal Code section 288, subdivision (a), and support separate convictions and punishments. (*People v. Scott* (1994) 9 Cal.4th 331, 346-347; *People v. Alvarez* (2009) 178

be sufficient by itself to establish the elements of the crime. (Evid. Code, § 411; *People v. Westek* (1948) 31 Cal.2d 469, 473; *People v. Harlan* (1990) 222 Cal.App.3d 439, 454.) Jane Doe 1 told the forensic interviewer that she was 11 or 12 years old the first time Perez touched her inappropriately, and during that incident he took her to a truck stop where he touched, kissed, licked, and inserted his finger into her vagina. A video recording of the interview was played for the jury. At trial, Jane Doe 1 similarly described the incident, but added that Perez had touched and sucked her breast and said this was not the first time he had touched her inappropriately. The forensic interview and the trial testimony thus established the age and touching elements of the charged crimes. The same evidence also sufficiently established the intent element, which can be and usually is inferred from the nature of the touching itself and the attendant circumstances. (*Martinez, supra*, 11 Cal.4th at p. 445; *People v. Mullens* (2004) 119 Cal.App.4th 648, 662; *In re Paul C.* (1990) 221 Cal.App.3d 43, 54.) The jury reasonably could infer that by touching, kissing, and licking Jane Doe 1's external sex organs in the privacy of his truck, Perez was appealing to or gratifying his own sexual desires. Hence, based on the forensic interview and trial testimony of Jane Doe 1, the jury could find Perez guilty beyond a reasonable doubt on counts 1 through 3.

Perez contends, however, that Jane Doe 1's statements in the forensic interview and at trial were so confusing, inconsistent, and lacking in detail that they are insufficient to support the convictions. We are not persuaded. As long as the victim of child molestation describes the kind of act committed with sufficient specificity to assure that unlawful conduct has occurred and to differentiate between types of unlawful conduct, as Jane Doe 1 did by

Cal.App.4th 999, 1006-1007; *People v. Van De Water* (1980) 108 Cal.App.3d 166, 169.) Perez does not contend otherwise.

9

describing the different ways Perez touched her at the truck stop when she was 11 or 12 years old, the victim need not specify the date, time, place, or other details of the conduct underlying the charged crime. (*People v. Jones* (1990) 51 Cal.3d 294, 315-316 (*Jones*); *People v. Tompkins* (2010) 185 Cal.App.4th 1253, 1261 (*Tompkins*).)  The inconsistencies between Jane Doe 1's statements to the forensic interviewer and to the jury, such as those concerning whether the incident at the truck stop was the first time Perez touched her inappropriately, whether he touched her breast during that incident, and whether he put his mouth on her vagina on more than one occasion, do not make the evidence insufficient to support the convictions. Such "details regarding the time, place or circumstance[s] of the various assaults may assist in assessing the credibility or substantiality of the victim's testimony, but are not essential to sustain a conviction." (*Jones*, at p. 316.)

Moreover, the resolution of inconsistencies in testimony is the exclusive province of the jury unless there is patent falsity, inherent improbability, or other reason to question the validity of the testimony. (*People v. Gomez* (2018) 6 Cal.5th 243, 281 (*Gomez*).)  Jane Doe 1's statements were not patently false, inherently improbable, or otherwise of questionable validity. During the forensic interview and the trial, Jane Doe 1 described several incidents of molestation by Perez that occurred at different locations over a period of more than two years. By the time she testified at trial, more than two-and-a-half years had passed since the forensic interview. It is thus understandable that Jane Doe 1 might not recall the precise sequence of the molestation incidents and might confuse the details of one incident with those of another. "Even though her testimony at trial was somewhat inconsistent, the inconsistency went only to the weight and credibility of the

10

evidence and, on appeal, we do not disturb the jury's resolution of that inconsistency." (*Tompkins, supra,* 185 Cal.App.4th at p. 1261.)

### 2. *Counts 4 and 5*

In counts 4 and 5, the People charged Perez with committing lewd and lascivious acts against Jane Doe 1 by having sexual intercourse with her, once at his home and another time at hers. The jury found him not guilty of the charged offenses but guilty on each count of the lesser included offense of attempting to commit a lewd and lascivious act. We agree with Perez that from these verdicts it appears the jury concluded, consistently with Jane Doe 1's trial testimony, that no *completed* acts of sexual intercourse occurred. We disagree, however, that there was no other evidence on which the jury could find him guilty of *attempting* to commit sexual intercourse.[3] As we discuss below, Jane Doe 1's forensic interview and trial testimony sufficiently support the two attempt convictions.

In the forensic interview, Jane Doe 1 talked in some detail about two occasions on which Perez had "sex" with her. She told the interviewer that on the first occasion she was 12-and-a-half years old, they were naked in his bedroom, and he put his penis "[a] little bit in" her vagina, but she did not know whether his penis moved or stayed still. After the interview was played for the jury, Jane Doe 1 testified that Perez had "tried to" have sex with her on that occasion. When asked during the forensic interview about the next

---

3 The trial court instructed the jury that if it found Perez not guilty of any of the charged offenses, it must then decide whether he was guilty of an attempt to commit the charged offense. (CALCRIM No. 460.) As noted earlier, the lewd and lascivious act charged in counts 4 and 5 was sexual intercourse. A jury may find a defendant guilty of attempt as a lesser included offense of the charged offense where, as here, the only difference between the attempt and the completed offense is completion of the act constituting the offense. (Pen. Code, § 1159; *People v. Braslaw* (2015) 233 Cal.App.4th 1239, 1248.)

11

occasion on which Perez put his penis in her vagina, Jane Doe 1 said he put his finger in her vagina and told her to touch his penis while they were in her parents' bedroom. At trial, again after the interview was played, she testified that he "was trying to put his penis" inside her vagina, but her brother walked in and told her to go with him. In neither the forensic interview nor her trial testimony did Jane Doe 1 state how old she was at the time of the second incident, but the jury could infer she was not yet 13 years old based on the dates of her birth and the interview, both of which were in evidence. From this combination of Jane Doe 1's forensic interview and trial testimony, the jury reasonably could conclude Perez took direct but ineffectual steps toward having sexual intercourse with her on two occasions with the intent to gratify his sexual desires. (See *Crabtree*, *supra*, 169 Cal.App.4th at p. 1322 [act unambiguously indicating intent to commit specific crime and constituting immediate step in committing crime is sufficient to constitute attempt]; *People v. Imler* (1992) 9 Cal.App.4th 1178, 1181 [act beyond mere preparation with intent to commit crime is sufficient for attempt].) In other words, the jury could find him guilty beyond a reasonable doubt of attempting to commit a lewd and lascivious act as lesser included offenses of counts 4 and 5.

Perez nevertheless insists the convictions must be reversed because "it is not clear at all from the evidence introduced at trial what acts, if any, constituted the direct but ineffectual step toward committing a lewd and lascivious act with a child under 14 years of age." He complains that Jane Doe 1 "testified to multiple acts on multiple occasions, making it nearly impossible to determine what direct act [he] allegedly took in an effort to commit a violation of Penal Code section 288[, subdivision ](a) as to these specific counts." We disagree. Jane Doe 1's trial testimony that Perez "tried

12

to" put his penis in her vagina but did not have sexual intercourse with her on the occasions underlying counts 4 and 5, and her forensic interview statements that he put his penis a "little bit" inside her vagina on the earlier occasion and put his finger in her vagina and told her to touch his penis on the later occasion, together sufficiently specify the direct but ineffectual steps he took toward having sexual intercourse with her. The nature of those acts (touching of external sex organs) and the circumstances under which they occurred (while naked inside bedrooms) sufficiently establish the requisite intent to arouse or gratify Perez's sexual desires. Although Perez is correct that Jane Doe 1 testified about multiple acts of molestation on multiple occasions, she described the kinds of acts underlying counts 4 and 5 with sufficient specificity to assure that unlawful conduct occurred and to differentiate the conduct underlying those counts from that underlying others. (*Jones*, *supra*, 51 Cal.3d at p. 316; *Tompkins*, *supra*, 185 Cal.App.4th at p. 1261.) The contradictions between her forensic interview statements and trial testimony about the incidents underlying those counts presented the jury with a credibility determination that we may not disturb on appeal. (*Gomez*, *supra*, 6 Cal.5th at p. 281; *People v. Mejia* (2007) 155 Cal.App.4th 86, 99; *People v. Cantrell* (1992) 7 Cal.App.4th 523, 538.)

B.    *Abstract of Judgment*

The People point out a clerical error in the abstract of judgment pertaining to Perez's determinate prison term: the boxes for designating the conviction on count 7 for committing a lewd and lascivious act against Jane Doe 2 as a serious felony and a violent felony are not checked. That conviction qualifies as both a serious felony (Pen. Code, § 1192.7, subd. (c)(6)) and a violent felony (*id.*, § 667.5, subd. (c)(6)). We shall order correction of

13

the error by the trial court on remand.  (See, e.g., *People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.)

## III.

## DISPOSITION

The judgment is affirmed.  The trial court is ordered on remand to amend the abstract of judgment by checking the boxes designating the conviction on count 7 as a serious felony and a violent felony, and to forward a copy of the amended abstract to the Department of Corrections and Rehabilitation.


IRION, J.

WE CONCUR:


HALLER, Acting P. J.


O'ROURKE, J.